THE STATE *vs.* WILLIAM MORRIS.

Upon a trial for burglary, the State was allowed to introduce an almanac for the purpose of showing when the sun set on the day on which the crime was committed. Held to be no error.

The matter was one of which the court would have taken judicial notice, and the almanac was received, not strictly as evidence, but to refresh the memory of the court and jury.

A question was made by the defense as to the identity of the prisoner with the person who committed the crime, and evidence was introduced on both sides upon this point. The judge in his charge said to the jury that it was for them to decide on which side of the question of identity was the weight of evidence. Held that, as the question was a vital one in the case, on which the jury were to be satisfied beyond a reasonable doubt, this part of the charge was errone-ous if it was to be understood as meaning that the question might be decided against the prisoner upon a bare preponderance of evidence; but that, as the court told them in another part of the charge that the state must prove beyond a reasonable doubt that the prisoner committed the burglary, and as the rule as to reasonable doubt in criminal cases is not only elementary law but firmly fixed in the popular mind, it was reasonable to conclude that the jury could not have understood that the matter of identity might be determined against the prisoner upon a bare preponderance of evidence.

It will not avail a prisoner on a charge of burglary that there was light enough from the moon, street lights, and lights of buildings, aided by newly-fallen snow, to enable one person to discern the features of another. There must have been daylight enough left for the purpose.

Where the crime charged was burglary committed by the prisoner when so armed as to indicate violent intentions, it was held that the fact that the prisoner was so armed when he left the house where the burglary was committed, was sufficient evidence to justify the jury in finding that he was so armed when he committed the crime.

INFORMATION for burglary, in the City Court of the city of New Haven, tried to the jury on the plea of not guilty, before *Pardee, J.* Verdict guilty, and motion for a new trial for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*C. R. Whedon,* in support of the motion.

*R. S. Pickett,* State's Attorney, contra.

CARPENTER, J. The accused was prosecuted for burglary, while being so armed as clearly to indicate violent intentions. (Gen. Statutes, p. 499, § 7.) The evidence shows that the offense was committed about half-past six o'clock in the evening of January 1st, 1879.

For the purpose of showing that it was in the night season, the State was permitted to introduce in evidence, against the objection of the defense, a copy of Beckwith's Almanac for 1879, in which the hour of sunset for that day is placed at four o'clock and forty-one minutes. There is no error in this.

The time of the rising or setting of the sun on any given day belongs to a class of facts, like the succession of the seasons, changes of the moon, days of the month and week, &c., of which courts will take judicial notice. The almanac in such cases is used, like the statute, not strictly as evidence, but for the purpose of refreshing the memory of the court and jury.

A question was made whether the prisoner was the person who committed the offense. On this question evidence was offered by the State and by the accused. The court said to the jury that it was their duty to decide upon which side of this question of identity was the weight of evidence. The defendant excepted.

If the court intended by this to say that the accused should be convicted if the bare preponderance of proof on this question was with the State, and the jury so understood it, it was clearly erroneous. But it is obvious that the court did not so intend, and that the jury did not so understand it. Indeed

they could not so understand it without imputing to the court
the most glaring inconsistency. The question of identity was
a vital one. If the State was not right in its claim the ac-
cused could not be convicted. The jury were told, in another
part of the charge, that in order to convict the accused, the
State must prove beyond any reasonable doubt that he com-
mitted the burglary. In an issue so simple the jury could
not fail to comprehend that the question of identity was, or
might be, equivalent to the question of guilt or innocence.
When they were subsequently told that on that question they
were to decide on which side the weight of the evidence was,
they must have understood that if the weight of evidence was
with the defendant he must of course be acquitted; if it was
with the State, then that a mere turning of the scale was not
sufficient, but the proof must be so strong as to convince
them beyond a reasonable doubt. In that way the two parts
of the charge harmonize with each other, and the charge is
made, as a whole, consistent and legally correct.

Moreover, this question of reasonable doubt, as applied to
the trial of criminal causes, is not only elementary law, but it
is so firmly fixed in the popular mind that it is difficult to
find a juryman who does not understand it; and if the court
should attempt to deprive a prisoner of the benefit of a rea-
sonable doubt, the jury would be almost certain to exercise
their prerogative as judges of the law and disregard the in-
struction of the court. We say this, not that any such
attempt could be justified on that ground, but as a considera-
tion which makes it reasonably certain that the jury in this
case understood the charge as we have interpreted it.

The court also charged the jury that the State must prove,
not only that the accused committed the burglary, but that in
the perpetration thereof he was so armed as clearly to indi-
cate violent intentions. This charge was correct. Not only
so, but the fact that the prisoner was so armed when he
emerged from the house, immediately after the commission
of the offense, was sufficient evidence to justify the finding of
the jury upon that point.

We also think that the jury found correctly upon the evi-

dence that it was in the night season. The evidence showed that it was nearly two hours after sunset. There was some evidence on the question of light; but in order to avail the defense it is not sufficient that there was light enough caused by the moon, street lights, or lights from buildings, aided by newly-fallen snow, to enable one to discern the features of another; there must be daylight enough left for that purpose.

There were other questions of minor importance made in the case; but they do not appear to have been made in the court below, and we have no occasion to consider them here.

A new trial is not advised.

In this opinion the other judges concurred.