Bradley, J.
On the night of October 2, 1881, the plaintiff's canal boat, “ Victor,” was moored in the harbor at Buffalo in what was known as Peek’s slip, extending from Buffalo river to the slip canal known as the Blackwell canal. And the defendant’s propeller, “ Lyon,” came up the river, and, in turning to enter the slip for the purpose of proceeding through it ,to the canal, the steamboat struck the plaintiff’s canal boat and did the injury complained of. The evidence on the subject of negligence of the defendant, and of contributory negligence on the part of the plaintiff, presented questions of fact in both respects for the consideration of the jury, and supports the verdict rendered by them.
There was much evidence given as to the usual manner of entering steam vessels from the river into the slip, and it tends to prove that sometimes a tug was employed for the purpose of guiding and controlling its course, and at other times lines were thrown out and used for a like purpose. When neither of these means are adopted, a steamer coming up the river and entering sometimes runs its bow against the dock of the upper side of the slip, and the turn of the vessel is in that manner aided into it. The evidence tended to prove that the night in question was dark. No tug was employed by the defendant to aid his vessel into the slip prior to the collision, and no line was used for the purpose. And the reason given for failure to use the latter was that when attempt was made to throw it from the steamer the line fouled and was rendered ineffectual. The vessel was proceeding slowly to make the turn into the slip, and the bow of it extended so far towards the dock *813 that it struck the plaintiff’s boat lying there outside and abreast of two other canal boats.
On the part of. the plaintiff evidence was offered and given on the subject of the use of a tug to take a vessel into and through the slip, to which exceptions were taken by the defendant. There was no error in those rulings. It was competent to prove that there were means and facilities known to those running vessels in the harbor which were usual, and which would enable the jury to find, furnished a greater degree of safety and protection to boats lying in the slip than would attend the omission to adopt such precautionary measures, and as bearing upon the question whether it was negligence on the part of the defendant to proceed without availing himself of accessible means of placing the movement of his vessel more effectually under control. The cases cited by the defendant’s counsel do not support the contention to the contrary. The question for the jury under the circumstances to find was whether the method employed was a proper one, and with a view to that inquiry it was competent to advise them of other customary means used in the harbor for the purpose of accomplishing what the defendant sought to do with his vessel.
A witness was asked whether there was any difficulty in running a propeller of the size of the Lyon, headed up the creek, when properly handled, either by lines or tug, into the slip there, and avoiding collision with one of the three canal boats lying abreast where these did, and was permitted to answer that he thought not. This was taken subject to the objection and exception of the defendant. The witness was an experienced mariner and familiar with the harbor, yet the question of the competency of this inquiry in the form it was put to the witness is not free from doubt, as it may be said the subject involved was matter for the conclusion of the jury rather than for the opinion of the witness. But in view of the fact that the attention of the court was not called to that particular objection by the ground upon which it was made, we think it is not available to the defendant. Merritt v. Briggs, 57 N. Y., 651-2; Crosby v. Day, 81 id., 242; Walker v. Erie R’y Co., 63 Barb., 261, 268.
The specific objection taken was that the foundation for the question had not been laid. The witness, it seems, knew the size of the propeller, the width of the creek and the slip, and a map of the situation was produced. He testified that he was entirely familiar with the harbor and Peck slip; that he had frequently gone through there with his propeller. He neither assumed that the defendant had or had not a tug to take his vessel through at the time m question. His evidence had relation to the facility with *814 which the defendant’s propeller may have been taken into and .through the slip, properly handled, with the aid of lines or a tug. The exception, therefore, was not well taken.
The evidence on the part of the plaintiff tended to prove that there was a lighted lamp at the window and inside of the cabin of his canal boat, so situated that it may have been seen from a vessel going up the river and before reaching the slip; that it gave a good bright light; that there was nothing in the way, and that it, may have been seen a quarter of a mile on the river below the place where the boat lay.
After this evidence was given, without objection, another witness was asked how far a bright light of a lamp at the window of the cabin of the plaintiff’s boat could be seen by a person on the pilot house of the Lyon coming up the river, to which objection was made that it was incompetent and immaterial and not matter for expert testimony, and the witness answered about 450 to 500 feet, and exception was taken to the reception of the evidence. The ability to answer the question intelligently was dependent upon some experience of observation. The witness had been engaged many years as ■ mariner upon the lakes and was familiar with the situation of this harbor. He, in his answer, had reference to the night time and to an unobstructed view. And while there may be other conditions influencing the effect of light and distance, from which it may come into view, they do not necessarily render the evidence of the witness incompetent, although they might, when shown to exist, go to qualify the force or weight of the evidence. The degree of the light is described as bright, and the size as that of a lamp in the cabin window. The evidence is of a fact described from observation, and the conditions being in all respects the same, the distance which the light could be seen would be uniform, as its effect is dependent upon natural causes only.
In McKerchnie v. Standish (6 N. Y. Week. Dig., 433), a witness who had made astronomy a study was permitted to state how far a certain vessel would be visible at 6:30 p. m. on October fifteen, if there was nothing to interrupt the view. The court, on review, remarked that this evidence was merely speculation and not to be relied upon unless other evidence failed, and that its competency even then was doubtful. The statement of the witness there does not appear to have been supported by any observation or knowledge other than that derived from his astronomical information and by that he must have undertaken to measure the obstructive force of twilight, merely by the application of science as an expert. We assume that the statement made *815 by the witness of the distance the light could be seen was based upon his knowledge obtained from his observation as a mariner, and as such was competent for the same reason that a person who has given attention to the movement and velocity of railroad trains may give his opinion of their speed on occasions when he has observed their passage. Northrup v. N. Y., O. and W. B. Co., 37 Hun, 295.
And as to the time requisite for walls of a building to dry and become fit for occupation. Smith v. Cugerty, 4 Barb., 615, 625. The reason of the rule which permits such evidence is that knowledge on the subject is not common to all, but comes from the personal observation and experience of those only who have given it attention, or by habits and business have gained information which enables them to have and understandingly express a judgment in respect to the matter of inquiry, and when, without the aid of such evidence, the jury might have no means of intelligently considering the fact. But the value, when given of opinions, is always for the jury to determine. The objection did not go to the competency of the witness, but to the character of the evidence only. Stevens v. Brennan, 79 N. Y., 255; Cushman v. U. S. Life Ins. Co.. 70 id. 73. These remarks are applicable to the objections to like evidence of other witnesses, except to that of the plaintiff, which is not considered because he had before, without objection, testified to the same fact that he did in answering the question to which objection was taken.
The time » £ the collision was about midnight. The plaintiff offers 1 and put in evidence that portion of Dr. Jaynes’ almanac, which purported to show the time of the rising of the moon on October 2, 1881, to which objection and exception was taken. The almanac was not competent evidence as such to prove when the moon rose on that or any day. But, if the statement on the subject in it was correct, the defendant could not have been prejudiced by it. Judicial notice will be taken of the time the moon rises and sets on the several days of the year as well as of the sucession of the seasons, the difference of time in different longgitudes and the constant and invariable course of nature. It may be assumed that the court, treating the almanac as correctly stating the time when the moon rose on the day in question, received it in evidence to refresh the memory of the jury on the subject. And in that view we think it was competent. State v. Morris, 47 Conn., 179; Munshower v. State, 55 Md., 11; S. C., 39 Am. R, 414. In the latter case the court held that the almanac was the most accurate available source of information on the subject and therefore competent. In England the almanac annexed to the book of common prayer has been treated as part of the law *816 of that country, hut as that did not contain anything about the rising or setting of the sun, Pollock, O. B., expressed doubt about the admissibility of the almanac as evidence of the fact. Tutton v. Darke, 5 Hurl. &Norm., 647. And in Collier v. Nokes, (2 C. & K., 1012), it was held that while the courts would take judicial notice of the.days they would not of the hours of the day in the calendar.
The reason before stated, we think, supports the ruling of the court.
The defendant called a witness who had been mate and master of vessels for thirty years, and was mate on the Lyon on the night in question, and asked him, “What do you say about the position of these canal boats in respect to its being a proper or improper position to lie at night P
The plaintiff’s objection was sustained, the evidence was excluded and exception taken. It appears that Peck slip was an artificial channel 200 feet wide, through which vessels passed in going from the river to the ship canal; that along on either side of it were elevators; that it was usual for canal boats to lay along the sides and next to the docks of the slip, and that it was within the harbor of.Buffalo.
The evidence tended to prove that the space in width occupied by the three canal boats was about sixty feet, and that the propeller was thirty-five feet in width and two hundred and seventy-five feet in length. Whether the position of these canal boats was proper or otherwise at night depended upon facts which, so far as appears, may have been disclosed, and in that view the conclusion was for the determination of the jury. The question called for the opinion of the witness, and it does not appear to have been competent on the subject. There was no error in this ruling.
The case of Ferguson v. Hubbell (26 Hun, 250), cited by counsel, was reversed, for the reason that the opinions of witnesses upon the subject there involved, were incompetent as evidence. 97 N. Y., 507.
The question raised by motion for non-suit, that the omission of plaintiff to have on his boat the light required by the city ordinance, was properly disposed of by denial of the motion. While the omission was a fact properly for the consideration of the jury on the question of the plaintiff’s negligence, it did not necessarily establish that fact for the purpose of the defense. McGrath v. N. Y. C. and H. R. R. Co., 63 N. Y., 522.
None of the exceptions seem well taken.
The judgment should be affirmed.
Smith, P„ J., and Barker, J., concur.