SAMUEL Z. CHESEBRO *vs.* FREDERICK A. LOCKWOOD
ET AL.

Third Judicial District, Bridgeport, April Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The existence of an agency for one purpose does not tend to establish the existence of one for another and a different purpose; neither does the fact of a special agency tend to prove a general one.

The fact that a son filed his mother's tax list with the assessors, that he

made deposits for her in a bank, left her bank-book to be balanced, and occasionally, during her absence from town, drew checks in her name under a power of attorney authorizing him so to do, does not prove, or even tend to prove, that he was her agent in the management of her real estate.

A verdict based upon conflicting testimony will not be set aside.

No promise to pay for one half the cost of a divisional wall can be implied against one who has no interest in either of the adjoining properties and who believes in good faith that the work is being done at the sole expense of the builder and for his own personal benefit.

An instruction which is sufficient for the guidance of the jury in the particular case before them, cannot be harmful, although it may not be technically accurate as applied to all possible conditions.

The exclusion of evidence which, if received, would have been of no avail, is harmless.

The exclusion of evidence offered to prove a fact which is otherwise fully established or admitted, is harmless.

Argued April 15th—decided June 10th, 1914.

ACTION to recover one half of the cost of constructing and repairing a wall between the properties of the respective parties, brought to the Town Court of Norwalk and tried to the jury before *Wilder, J.;* after the plaintiff had been nonsuited as to the defendant Carrie A. Lockwood, a verdict was rendered for the other defendant, from the judgment upon which the plaintiff appealed. *No error.*

The plaintiff in this action against mother and son seeks to recover one half the cost of the construction of a division wall. The complaint is in two counts. Each alleges that the plaintiff and the defendant Carrie A. Lockwood were the owners, respectively, of adjoining properties, and that the division fence between them, about eight hundred feet in length, was insufficient. The first count relies upon an express promise made to one Keeney, the plaintiff's agent; the second upon an implied promise. The third paragraph of the first count recites the express promise relied upon, and the circumstances attending it, as follows: "On said day the

plaintiff, through his agent, Mr. Keeney, called upon the defendants, in relation to the construction of a new fence along the said portion of eight hundred feet, and to find out which part of the same should be constructed by the plaintiff, and which part by the defendants, and for the purpose of arranging to build a new fence along said boundary line, and was informed by the defendants that they did not know which portion of the same should be constructed by them, or which by the plaintiff, but if the plaintiff would fix the fence up, they would adjust the cost of the same later."

The plaintiff's evidence showed that the land, between which and the plaintiff's the wall in question extends, was owned for about one third of the distance by the undivided estate of F. St. John Lockwood, deceased, and in charge of the defendant F. A. Lockwood, and for the remaining two thirds by the defendant Carrie A. Lockwood. Carrie A. Lockwood is the widow of F. St. John Lockwood, and F. A. Lockwood is one of his surviving children. The only evidence admitted or offered, tending to show any sort of agency on the part of F. A. Lockwood for his mother, was confined to his having filed tax lists with the assessors for her, made deposits in the bank for her, left her bank-book to be balanced, and, upon occasions during her absence from town, having drawn checks upon her account under a power of attorney authorizing him to do so.

The plaintiff's testimony was also to the following effect: In May, 1912, the plaintiff purchased his present property, then in a dilapidated condition, and thereupon made extensive improvements upon it, including filling and grading. This work was under the direction of Keeney as the plaintiff's agent. As a part of the work, the plaintiff desired to replace a portion of the existing wall between his property and the adjacent Lockwood properties, which was an ordinary single stone wall

broken down in places and insufficient as a division wall, with a new and better one, and repair the remaining portion. Keeney thereupon sought an interview with the defendant F. A. Lockwood, whereat, no third person being within hearing, there occurred, as he testified, what the third paragraph of the first count correctly and completely recites. There was no other conversation or communication between them upon the subject. Keeney forthwith caused the old wall to be removed along the land of the F. St. John Lockwood estate and for substantially one half the length of the Carrie A. Lockwood land, and replaced it with a new double stone wall and repaired the rest of the wall.

F. A. Lockwood was fully aware of this work as it progressed.

There was no evidence of any communication between any person and Carrie A. Lockwood with respect to the wall, or of any knowledge on her part of its reconstruction or repair.

Upon the conclusion of the plaintiff's testimony a judgment of nonsuit was entered in favor of Carrie A. Lockwood, and the case proceeded against F. A. Lockwood. He flatly contradicted Keeney's version of the interview with him, and denied that he made any promise to share in the payment for a new or reconstructed wall. He testified that the new fill and grading of the plaintiff's property necessitated the construction of a new and different wall to serve as a bank wall, that Keeney's conversation with him consisted of the former's inquiry if there was any objection to the plaintiff raising the wall, indicating particularly the portion where it was necessary to do so by reason of the depth of the fill, and to the plaintiff's workmen going upon the Lockwood side to do the work, and of his response that he had no objection if the men would keep near the wall so as not to trample down the grass. He and other

witnesses in his behalf testified that the old wall was a sufficient fence for farm purposes.

The appeal assigned as errors the refusal of the court to set aside the judgment of nonsuit as to the defendant Carrie A. Lockwood; its refusal to set aside the verdict in favor of F. A. Lockwood, as being against the evidence; one passage in the court's instructions to the jury; and two rulings upon the admission of testimony.

*John J. Walsh* and *Edward J. Quinlan*, for the appellant (plaintiff).

*Leo Davis*, for the appellee (defendant).

PRENTICE, C. J.   The nonsuit was properly granted. There was no evidence upon which liability on Mrs. Lockwood's part, whether by force of an express promise or of acts and circumstances raising an implied one, could be predicated, in the absence of proof of F. A. Lockwood's agency.   The evidence offered for the purpose of establishing such agency, including that which was excluded as well as that admitted, was wholly insufficient for that purpose.   From it no conclusion could reasonably have been drawn that the son was either the general agent of his mother, or her special agent in the care and management of her real estate in question.   The existence of an agency for one purpose does not tend to establish the existence of one for another and entirely different purpose.   Neither does the fact of a special agency tend to prove a general agency.

The verdict in favor of the defendant F. A. Lockwood could not properly have been set aside.   The jury was amply justified in finding, as its verdict indicates that it did, that he did not promise as alleged; and without such promise recovery could not have been had upon the first count.

It is difficult to discover how he could have been

held liable under the second count, since he was not the owner of any of the property benefited, and had neither received or appropriated, nor could receive or appropriate, the benefit. *Day* v. *Caton*, 119 Mass. 513, 515. Furthermore, it is apparent that the jury found that Lockwood's and not Keeney's version of the sole interview between them touching the boundary wall was the correct one. That being so, all reasonable foundation for an implied promise was removed from the case. Lockwood's knowledge of the construction of the wall, under the circumstances detailed by him, did not call upon him to speak, and his silence as the work progressed was not conduct out of which the law would raise an obligation to pay for benefits resulting from the work. One may indeed be required to compensate another for benefits conferred by the other's labor and service, either accepted by or necessarily accruing to the beneficiary, when, having reasonable ground to believe that the labor is being done or service performed in the expectation of compensation, he stands silently by and permits the labor or service to continue. *Day* v. *Caton*, 119 Mass. 513, 515; *Weinhouse* v. *Cronin*, 68 Conn. 250, 255, 36 Atl. 45. But this was not Lockwood's situation under the facts as found.

These considerations lead to the further conclusion that the plaintiff could not have been harmed by the single passage in the court's instructions complained of, which, under the circumstances of the case, amounted to no more than that the plaintiff could not recover unless his version of what occurred at the interview, as distinguished from Lockwood's radically different version, was correct. Although the statement as thus made may not have been technically accurate as applied to all possible conditions, it was one sufficient and suitable for the guidance of the jury to a correct conclusion under the circumstances presented for its consideration.

The two rulings upon the admission of testimony were harmless. One excluded from the jury's consideration the testimony, previously received, of a bank officer who testified to the facts already recited concerning F. A. Lockwood's bank transactions for his mother. These facts, with no other support than was given them, could not, as we have seen, have helped the plaintiff in establishing an agency embracing the care or management of his mother's real estate, and that was their only possible relevancy. The evidence excluded by the second ruling possessed no importance save as tending to establish the agency of Keeney, which was otherwise fully testified to, unquestioned and assumed by the court in its instructions, which gave the plaintiff the full benefit of all of Keeney's acts and conversations.

There is no error.

In this opinion the other judges concurred.