JOSEPH J. DuCOTEY ET AL. (THE PARK TRUST COM-
PANY, CREDITOR) *vs.* THE WILKENDA LAND COMPANY.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and WOLFE, JS.

An estoppel *in pais* can be invoked only to prevent what would other-
wise have been a loss; and the reasonable certainty of such loss, and
not its mere possibility, must be shown by the evidence.

In the present case a creditor attached shares of corporate stock stand-
ing in the name of the debtor, and the attaching officer received
a certificate from the secretary of the corporation to the effect that
the debtor then had sixty shares. As matter of fact the debtor
then owned only one share, as shown by the books of the corpo-
ration. The creditor, relying on the certificate, believed it had
secured sixty shares by its attachment, and took no further action
toward recovery of the debt until judgment was entered four years
later, about seven months after the creditor had been informed
that its debtor owned but one share of the stock. Meanwhile the
corporation had gone into the hands of a receiver, to whom the
creditor presented its claim, which the trial court disallowed.
*Held:*—

1. That in view of the remedial purpose of the statute (§ 5869), and in
order to make it effective, the act of the officer of the corporation
in furnishing the certificate, and the statements or representations
therein made, were to be construed as the acts of the corporation
itself.

2. That notwithstanding the creditor's reliance upon the representation
of the corporation, it could not insist upon its operation as an es-
toppel, without also proving the existence of other property of the
debtor which could have been attached by it but for its belief
in the truth of the certificate; and that in the absence of any such
evidence, the claim, beyond the value of one share of stock, was
properly rejected.

Argued October 31st, 1923—decided January 8th, 1924.

APPEAL from a judgment of the Superior Court in
Fairfield County, *Banks, J.,* in receivership proceed-
ings, disallowing a claim presented by the Park Trust
Company, an alleged creditor. *No error.*

The finding discloses these facts: On June 11th, 1918,

Charles H. Davis was indebted to the Park Trust Company in the sum of $1,000 as evidenced by his promissory note of that day, payable three months thereafter at the Bridgeport Trust Company, with interest. The note was endorsed in due course in blank by A. W. Middleton and Guy M. Speer, and was discounted by the Park Trust Company. The note was not paid at maturity and was duly protested for nonpayment on September 11th, 1918.

Suit was brought by the Park Trust Company to the January, 1919, term of the Superior Court for Fairfield County, against Charles H. Davis, the maker. The action was commenced by the officer having the writ leaving a true and attested copy of the process, and of the accompanying complaint with the proper endorsement thereon, with the defendant and with the secretary of the Wilkenda Land Company. The officer applied to the secretary of the company for the purpose of attaching any shares of stock thereof owned by Charles H. Davis, and the secretary of the corporation thereupon, on December 18th, 1918, furnished the officer with a certificate, in these terms:—

"Dec. 18,

Mr. Antonio Abriola,

This is to certify that Mr. Chas. H. Davis of the Wilkenda Land Co., holds 6000 in stock of the Wilkenda Land Co.

Signed, G. L. Taylor, Jr.
Secretary.

60 shares at 100    6,000.00
(seal)
Wilkenda Land Co.
Waterbury, Conn."

An order of court against the Land Company, restraining it from transferring the stock, was entered,

and the attachment became effective January 11th, 1919. The value of sixty shares of the common stock of the Land Company is more then sufficient to satisfy the claim of the plaintiff.

On December 18th, 1918, and on January 11th, 1919, there stood in the name of Charles H. Davis on the books of the corporation, only one share of stock, the value of which, at the present time, is less than $100.

The Park Trust Company, relying upon the certificate issued by the secretary, at all times believed that it had, subject to attachment, sixty shares of the common stock of the Land Company, until it was informed on the 26th day of May, 1922, that Davis was the holder of record of only one share, and has taken no further action looking toward the recovery of the amount due it on the note, other than as follows, to wit: on the 19th day of January, 1923, judgment was entered in the action against Charles H. Davis for $1,132.70 damages and $42.56 costs, and on the 22d day of January, 1923, execution was issued thereon and said judgment is unsatisfied, with the exception of the sum of $42 in the hands of the Bridgeport Trust Company, and a claim for the value of one share of stock against the receiver, which claim was acknowledged by the receiver, and its allowance recommended by him.

The writ and complaint in the above suit against Charles H. Davis named A. W. Middleton and Guy M. Speer as parties defendant. No attachment of property of said A. W. Middleton or Guy M. Speer was made, nor were they served with the writ and complaint.

The Park Trust Company has incurred costs and disbursements, exclusive of attorney's fees, in this action amounting to approximately $50, which sum is less than the distributive share of one share of stock of the Wilkenda Land Company conceded to be attached in this action.

*Jonathan Grout,* for the appellant (The Park Trust Company, creditor).

*Clarence R. Hall,* for the appellee (receiver of defendant).

CURTIS, J.   The Park Trust Company claims that under the finding the receiver of the Land Company is estopped to deny that Charles H. Davis held sixty shares of the stock of the Land Company at the date of its attachment, and that the trial court erred in drawing its conclusion from the facts found that the Land Company was not so estopped, and in holding that it was only liable to the Park Trust Company to. the extent of the stock then owned by Davis, to wit, one share.

The question that presents itself at the outset is whether the Wilkenda Land Company is so involved in the giving of the certificate in question by its secretary as to make it responsible in any way for the representation made in the certificate.  Attachments of "rights or shares in the stock of any corporation" are authorized under General Statutes, § 5869, set forth in the foot-note.

Sec. 5869. ATTACHMENT OF CORPORATE RIGHTS OR SHARES.   Rights or shares in the stock of any corporation, together with the dividends and profits due and growing due thereon, may be attached and taken on execution.   Such attachment shall be made by leaving a true and attested copy of the process and of the accompanying complaint, with the proper indorsement thereon of the officer serving the same, with the defendant or at his usual place of abode, if within the state, and with the secretary, clerk or cashier of such corporation, or if such corporation has no secretary, clerk or cashier, or if he is absent from the state, then at the principal place in the state where such corporation transacts its business or exercises its corporate powers.   When an officer with a writ of attachment shall apply to such secretary, clerk or cashier for the purpose of attaching such rights or shares, the secretary, clerk or cashier shall furnish him with a certificate, under his hand, in his official capacity, specifying the number of rights or shares which the defendant holds in the stock of such corporation, with the incumbrances thereon,

The statute provides that the secretary of a corporation shall furnish the officer making the attachment "with a certificate, under his hand, in his official capacity, specifying the number of rights or shares" held by the defendant, and it provides for the punishment by fine of a secretary who fails to furnish such a certificate.

In view of the remedial purpose of this statute and the necessity of such a construction as to make it effective, we construe the provision as making the representation contained in the certificate of its officer a representation of the corporation, and if there arises from such representation an equitable estoppel in favor of the plaintiff in the attaching action, then the corporation would be bound by the representation.

The representation of the certificate, standing alone, did not make Davis, the debtor, the owner of shares in a corporation which he did not in fact own, even as to the plaintiff in the attaching action. The mere fact that the plaintiff is misled as to the actual holding of the defendant in the corporation, and disappointed as to the result of its attachment, does not estop the corporation after judgment and make it responsible to the plaintiff in the attaching action for more than the actual holding of the defendant therein.

The question before us, therefore, is whether, under the subordinate facts found, the court was justified in its conclusion that the corporation was not estopped from denying the truth of its representation, in the

---

if any, and the amount of dividends thereon due, and upon the failure of any secretary, clerk or cashier to furnish such officer with such certificate, he shall be fined not more than two hundred dollars. Such rights or shares, together with the dividends and profits, shall be held to respond to the judgment which may be recovered in said action for sixty days after its rendition; but no attachment of shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment, or be surrendered to the corporation which issued it, or its transfer by the holder enjoined.

certificate given to the attaching officer, that Davis owned sixty shares of stock, and therefore, that after judgment in the attaching action it was only holden for the actual shares of stock that Davis held at the time of the attachment.

The representation in the certificate given the attaching officer was not true, the officer and the plaintiff believed it, but the vital question is, did the plaintiff change its position to its loss because of the representation made by the certificate of the corporation? In *Townsend Savings Bank* v. *Todd*, 47 Conn. 190, we say, on p. 218: "A party setting up an estoppel must always show, as an essential part of his case, that he will be subjected to loss if he cannot set up the estoppel. There is no presumption in his favor." Also, on p. 219: "An estoppel *in pais* operates wholly on equitable principles," and was "never intended to work a positive gain to a party, but its whole office is to protect him from a loss which but for the estoppel he could not escape." We reasserted these principles in *Webb* v. *Moeller*, 87 Conn. 138, 142, 87 Atl. 277. These principles are at the basis of the Connecticut law of estoppel, and apparently are generally observed.

As to the "change of position" of the party claiming an estoppel, which is essential to its creation, Corpus Juris, Vol. 21, p. 1135, § 136, speaks as follows: "In order to create an estoppel *in pais* the party pleading it must have been misled to his injury; that is, he must have suffered a loss of a substantial character or have been induced to alter his position for the worse in some material respect." From the finding it appears that the Park Trust Company believed from the date of the attachment in December, 1918, until May 26th, 1922, that it held under attachment sixty shares of the stock of the Land Company owned by Davis, and relying on such belief took no further action looking toward the

collection of the note than taking a judgment against Davis on January 22d, 1923. There is no finding that "relying on such belief" the Park Trust Company failed to attach any other property of Davis, or of the endorsers on his note. Any expense incurred after May 26th, 1922, was incurred with knowledge of the actual interest of Davis in the Land Company. As we said in *Townsend Savings Bank* v. *Todd, supra,* there is no presumption in favor of the party seeking to establish an estoppel that he has changed his position to his loss; he must prove that fact as an essential part of his claim. He cannot rely on presumptions or conjectures.

The Park Trust Company urges that if it had not been misled in December, 1918, it might possibly have then found other property of Davis or of the endorsers to have attached, although it has not proven that any such attachable property was then in existence. To give such an effect to mere possibilities would be substituting "hazy and indefinite notions" for the established equitable principles above set forth. In this connection, in *Hanna* v. *Florence Iron Co.,* 222 N. Y. 290, 302, 118 N. E. 629, the court spoke as follows: "The principles of estoppel . . . are reasonably well defined and plain, and we ought not to substitute for them some hazy and indefinite notions whereby in the supposed interests of justice a convenient theory of estoppel is predicated upon facts which do not fairly sustain it." The court was fully justified in its conclusion that the receiver of the Wilkenda Land Company was not estopped to show that at the time of the attachment Davis owned only one share of its stock, and that to that extent only was it liable, after judgment against Davis, to the Park Trust Company.

There is no error.

In this opinion the other judges concurred.