MORRIS SILLER ET AL. vs. NELSON J. PHILIP ET AL.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Whether an appellant follows the method provided for the correction of a finding in §§5828-5831 of the General Statutes, or that permitted in §5832, the grounds upon which his requests are made should be stated either in the motion to correct, the exceptions or the reasons of appeal as the case may be.

Subordinate facts may be stricken from, or added to, a finding only upon the grounds set forth in the Practice Book, p. 309, §11; conclusions of fact, whether so designated or not, may be corrected whenever they are illegally or illogically drawn from the subordinate facts.

Merely because a so-called fact is not denied does not render it "admitted" or "undisputed," for the trial court is at liberty to believe or disbelieve the evidence offered to prove it.

For more than ten years prior to 1920 the defendants, husband and wife, had bought and sold real estate with money originally inherited by him and later augmented by his earnings and the proceeds of the several transactions. For reasons of convenience arising out of his ill-health, their bank account was carried in her name and the expenses of maintenance and repair were usually charged to and paid by her. In 1920 title to a piece of property then purchased by them was taken in her name, but in 1922 it was transferred by her to him and so remained until 1926 when the plaintiff, who had done plumbing work on the property at the husband's request and knew that it was owned by him, made him an offer to purchase it at a price which he rejected with the statement that unless the plaintiff met his terms that night, the property was "off the market to him at any price." On the following day the plaintiff visited the defendants' home and, in the absence of the husband, procured the wife's signature to a contract of sale which recited that she was the "authorized agent" of her husband, although she stated to the plaintiff that such was not the fact and consented to execute the agreement only upon his assurance that the paper would be of no effect if her husband did not sign or accept it. The husband later refused to ratify the sale or to receive the check to his order which the plaintiff had left as a deposit; whereupon the plaintiff brought the present action to compel a conveyance of the property to him or for damages. The trial court rendered judgment for the defendants. *Held:*

1. That in view of all the circumstances the plaintiff was in no position to claim that a relation of partnership or of agency, either actual or ostensible, existed between the defendants.
2. That the defendants were not estopped to deny the plaintiff's claim, since he had been in no way misled by the words or conduct of either of them.
3. That it was obviously the intent of the parties—always the controlling consideration—that their prior negotiations should not be merged in the written instrument.
4. That even had the wife claimed to be acting as her husband's agent, the plaintiff would not have been entitled to rely upon her statement alone.
5. That there was no support for the plaintiff's claim of a conspiracy between the defendants and a third party who subsequently purchased the property.

Argued January 19th—decided May 4th, 1928.

ACTION for a decree setting aside an alleged fraudulent conveyance of real estate and ordering that it be conveyed to the plaintiffs, and for damages, brought to the Superior Court in New Haven County and tried to the court, *Baldwin, J.;* judgment for the defendants, and appeal by the plaintiffs. *No error.*

*Carroll C. Hincks* and *Max Traurig,* for the appellants (plaintiffs).

*William B. Fitzgerald,* with whom, on the brief, were *Edward B. Reiley* and *Timothy S. Sullivan,* for the appellees (defendants, Nelson J. and Mary W. Philip).

*Michael V. Blansfield,* for the appellee (defendant Benjamin Baurer).

HAINES, J.　The appellants moved in the trial court for numerous and radical changes in the finding of facts; the motion was denied and the same requests are now made in the reasons of appeal to this court. No exceptions were taken to this action of the trial

court and it is apparent the appellants seek to base their appeal upon the provisions of General Statutes, §5832, rather than General Statutes, §§5828 to 5831. Whichever method of appeal is adopted, the grounds upon which the requests are made should be stated, either in the motion, the exceptions or the reasons of appeal as the case may be. It is only on the grounds stated in our rule that we can change subordinate facts appearing in a finding. Practice Book, p. 309; §11, *DeFeo* v. *Hindinger,* 98 Conn. 578, 580, 120 Atl. 314; *Ziglatzki* v. *Cummings,* 102 Conn. 501, 502, 129 Atl. 274; *Marciel* v. *Berman,* 104 Conn. 165, 166, 132 Atl. 397; *Perrotti* v. *Bennett,* 94 Conn. 533, 537, 109 Atl. 890.

Upon proper motion we may, if the evidence warrants, strike subordinate facts from a finding if such facts (a) were found without evidence, or (b) if stated in language of such doubtful meaning that their real significance does not clearly appear; and we may add further facts to a finding if they are material and are admitted or undisputed. Practice Book, p. 309, §11. Likewise, upon a proper motion, we may change a conclusion of fact contained in a finding, whether it be designated as a conclusion or not, if it was illegally or illogically drawn by the trial court from the subordinate facts, for this presents a question of law for our consideration. *Kugel* v. *Angell,* 74 Conn. 546, 550, 51 Atl. 533; *Bell* v. *Strong,* 96 Conn. 12, 14, 112 Atl. 645; *Hayward* v. *Plant,* 98 Conn. 374, 379, 380, 119 Atl. 341; *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 540, 129 Atl. 527.

The reasons of appeal which seek to change the finding in the present case, ignore the above requirements; no grounds of appeal whatever are stated for most of the requests. The rule that the grounds shall be distinctly stated is a salutary one and should be

followed, and a failure to do so, is a source of uncertainty and embarrassment to opposing counsel and to this court. We recognize, however, that the finding in the present case is of vital importance and since the motion to correct has been discussed at length by counsel on both sides, we shall consider it.

The tenth reason of appeal requests that sixteen specified paragraphs of the finding be stricken out. Some of these are subordinate facts, some are conclusions of fact and others are mixed questions of law and fact. An examination of the evidence shows that in paragraph sixteen of the finding the date—July 18th —is incorrect and it is changed to the 16th; paragraphs twenty-two and twenty-three recite the sending back and forth of the check for $100, but slightly confuse the dates; this is not of great importance, and we may disregard it. Paragraph thirty-two is ambiguous; Baurer did learn that a paper dealing with a proposed sale of the property had been signed, but understood that it had been repudiated by the owner and that there was when he bought the property no existing contract of sale. Read in this sense the finding stands. Paragraphs thirty-four, giving the value of certain building lots as $600, is of doubtful accuracy, but this too is of little importance and we disregard it.

A careful reading and checking of the entire evidence satisfies us that all the remaining subordinate facts of these sixteen paragraphs are supported by some evidence and, save in a few unimportant particulars, are correct; and that the inferences of fact which appear in some of the paragraphs are logical and reasonable deductions from the established subordinate facts. Save as thus indicated, the motion to strike out these sixteen paragraphs is denied.

It is sought to strike from paragraph fourteen the words "and for a long time prior thereto." This refers

to the knowledge of the plaintiff Siller that Nelson J. Philip owned the property and is a fair inference from the facts of his previous relations with Nelson J. Philip, his work on the property and his attempts to sell it for Nelson J. Philip. Those portions of paragraphs nine, twenty and twenty-one to which objection is made are supported by a reasonable interpretation of the evidence. The finding of $15,000 as the fair market value of the property in question, is the conclusion of the court upon the testimony of various witnesses and of the assessed value. The accuracy of this conclusion may be a fair subject of discussion, but we cannot say that it is so illogical or unreasonable that it should be stricken out; furthermore, it is not of controlling importance that this valuation should be fixed with absolute accuracy.

The appellant seeks to add to the finding fifty full paragraphs of the draft-finding and nine additional statements of fact. The entire finding contains but forty-six paragraphs and an examination of the proposed changes and additions shows that the appellants are seeking to virtually substitute a nearly complete finding for that made by the court. No grounds whatsoever are assigned for this motion and we would be justified in refusing it consideration; but for reasons already stated, we have given it a detailed examination. It is to a very large extent the plaintiffs' version of the same transactions detailed in the finding and at many points conflicts with the finding. This results from the fact that the trial court gave credit to the defendants' as opposed to the plaintiffs' version. This court cannot make such changes in a finding. Some facts proposed are not denied, but we cannot add them for that reason. Failure to deny a fact in evidence does not of itself make it an undisputed fact which should be added to the finding; for the trial court is

at liberty to believe or disbelieve such testimony. *Allis* v. *Hall,* 76 Conn. 322, 340, 56 Atl. 637; *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 540, 541, 129 Atl. 527; *Cishowski* v. *Clayton Mfg. Co.,* 105 Conn. 651, 655, 136 Atl. 472.

Finally, our study of this request convinces us that such facts as it presents in addition to those in the finding would not require or warrant changing the final conclusions and therefore may be classed as unimportant for the purposes of this inquiry. We are therefore compelled to deny this motion.

Nine claims of law made by the appellants were overruled by the trial court and this action of that court is made the basis of nine of the assignments of error. In a later paragraph it is assigned as error that the trial court refused to strike out five conclusions of law which it had reached, but again, no grounds for the claims of error are alleged. We test the validity of the trial court's action by the facts appearing in the completed finding.

So far as those facts serve that purpose, they are the following: These defendants, Philip, were husband and wife, living together, the former for many years and still being employed in a foundry and machine company in Waterbury. Some years ago he lost a leg in an accident and has ever since been in poor health. He and his wife had bought and sold some pieces of real estate during the ten-year period preceding the purchase of the property in question, the first purchase being made exclusively with funds which he had inherited from an uncle, and subsequent purchases were made with the proceeds of this first transaction together with cash received from the earnings of the husband. As a matter of convenience and because of the injury and poor health of the husband, the banking account was carried in the name of the

wife. The charges .for repairs and supplies for the property in question were likewise charged to and paid by the wife, though the contracts for such repairs and supplies were often made by the husband in person and paid for by him in cash or charged to the wife as above stated. It was from these funds so created and handled that the property in question was purchased January 29th, 1920, the title being taken in the name of the wife, but on October 7th, 1922, deeded by her to the husband, Nelson J. Philip. It was nearly four years later—July 15th, 1926—that the plaintiff Siller called at the home of these defendants and made known to them his desire to purchase the property for $16,250. Siller had been buying, selling and exchanging real estate in and around Waterbury for many years and for about five years had been familiar with the property in question by reason of furnishing materials for it and rendering services upon it, being engaged in the plumbing business. These materials and services had frequently been obtained by Nelson J. Philip, and Siller had known for a long time that he was the owner of the property. On the occasion referred to, Mr. Philip told him the price of the property was $16,500, and if he, Siller, would not give that price that night, he, Nelson, would keep the property and it was "off the market to him—Siller—at any price." Siller refused to pay this price and left, but returned the following day when Nelson J. Philip was not at home and urged the defendant Mary W. Philip to persuade her husband to take a smaller price for the property. He thereupon dictated the paper, Exhibit A, which was at his request written out by the daughter of these defendants, who was present with her mother. The opening clause in this paper was, "I, the authorized agent for Nelson J. Philip." Mary W. Philip thereupon stated to Siller that she did not have authority to

act as the agent of her husband, but he assured her that the whole agreement was a mere matter of form and if her husband did not sign or accept it, it would be of no effect and he—Siller—would return it to her. Before signing she had an explicit understanding with Siller that the paper would not be binding upon either the husband or herself unless the husband agreed to and accepted and signed it. Mary W. Philip thereupon signed Exhibit A and Siller left a check for the sum of $100 therein recited, making it payable to the order of Nelson J. Philip. Later the same day and as soon as Nelson J. Philip learned what had been done, he refused to ratify the agreement and ordered his wife to return the check to Siller. The check was returned by mail to Siller, who sent it back and it was again returned to him, this time by Nelson J. Philip, and again sent back by Siller. This check appeared in evidence as Exhibit B, never having been used or cashed. No authority to act as his agent for the sale of this property or to sign Exhibit A was ever given by Nelson J. Philip to Mary W. Philip.

The first of the nine claims of law to which we have referred, is that the legal relation of Nelson J. Philip and Mary W. Philip was that of partners, and so the latter was authorized to sign the paper, Exhibit A, which the plaintiff Siller had dictated and induced her to sign. This claim is refuted by the fact that Siller did not in fact, nor did he intend to contract with Mary W. Philip at that time, as a partner of Nelson W. Philip. The recital of Exhibit A, dictated by Siller himself, shows conclusively that he looked upon Mr. Philip as the owner of the property, that he was seeking by the clause "I, the authorized agent of Nelson J. Philip," to bind the latter, and that he sought her signature only as the agent of Mr. Philip, not as partner of the latter. It thus becomes unimportant

whether there was a partnership of husband and wife or not. By the preliminary agreement of Siller and Mrs. Philip, the terms of Exhibit A were not to become effective unless Mr. Philip gave his own assent and signature, and by the refusal of Nelson J. Philip to do so it resulted that the paper, Exhibit A, never acquired any validity whatsoever and never conferred any rights or imposed any liabilities upon the parties.

It follows that the questions of Mary W. Philip's authority to sign as her husband's partner, and of her personal liability for claimed "misrepresentation" of her authority, do not arise at all. It may be added, as to the latter claim, that the facts conclusively refute the claim of misrepresentation of authority. Siller knew all the facts; he knew Mr. Philip owned the property; that Mr. Philip had told him the night before that he could not buy it and that Mrs. Philip had no authority to act as agent for her husband. Nothing appears to have been said or done to mislead him in any way and he was not in fact misled. It also follows that no estoppel arose against either of these defendants. *Monterosso* v. *Kent,* 96 Conn. 346, 350, 113 Atl. 922; *DuCotey* v. *Wilkenda Land Co.,* 100 Conn. 255, 260, 123 Atl. 265; *Hillhouse* v. *Duca,* 101 Conn. 92, 106, 125 Atl. 367; *Basak* v. *Damutz,* 105 Conn. 378, 382, 384, 135 Atl. 453.

The facts found do not permit the application of the rule that prior negotiations are merged in a writing afterward signed by the parties, for this is a question of intent and here the contrary intent is clear; the paper did not contain the entire agreement, and the evidence establishing the latter fact came in without objection at the trial. *Brosty* v. *Thompson,* 79 Conn. 133, 136, 64 Atl. 1; *Asbestos Products Corporation* v. *Matson,* 97 Conn. 381, 384, 116 Atl. 680; *Reader* v. *Grossman,* 98 Conn. 283, 285, 119 Atl. 52.

Plaintiffs also claimed that apart from the question of partnership, Nelson J. Philip had clothed the wife with apparent authority to thus deal with the plaintiff Siller as in Exhibit A. Even if it be conceded that Mary W. Philip was her husband's agent for some purposes, that is not sufficient to support the plaintiff's claim that she was his agent for the purpose of Exhibit A. The facts do not permit the conclusion that she had authority—specific or ostensible—to act as his agent for purposes of a contract to sell this particular property, nor did Siller deal with her in the belief that she had such authority. *Chesebro* v. *Lockwood,* 88 Conn. 219, 223, 91 Atl. 188; *Quint* v. *O'Connell,* 89 Conn. 353, 356, 357, 94 Atl. 288; and even if she had claimed the authority to act as her husband's agent in signing Exhibit A, Siller would not have been entitled to rely upon her statement alone. *Fitch* v. *Chapman,* 10 Conn. 8, 12; *Butte Hardware Co.* v. *Wallace,* 59 Conn. 336, 342, 343, 22 Atl. 330; *Coe* v. *Kutinsky,* 82 Conn. 685, 688, 74 Atl. 1065.

The seventh claim of law may be disregarded, in view of the conclusions already reached. The eighth claim, that Mary W. Philip incurred liability by reason of her signature on Exhibit A, is likewise disposed of by the foregoing conclusions. Even if the opening clause of Exhibit A could be held to be an assertion of authority on the part of Mrs. Philip, it does not appear that plaintiffs relied upon it to their injury. *Sullivan* v. *Mancini,* 103 Conn. 110, 114, 130 Atl. 79.

The ninth and final claim of law is "that the defendant Baurer having conspired and connived with the defendants, Philip, to deprive the plaintiffs of the benefit of their contract, is liable in damages." This, like the preceding eight claims, was properly overruled by the trial court. There is a specific finding that these defendants did not conspire together to de-

prive the plaintiffs of the benefit of the provisions of Exhibit A, and this conclusion is abundantly justified by the subordinate facts to which reference has already been made. It is unnecessary to follow the claims of counsel in their discussion of the law of conspiracy. It is sufficient to say that since the paper, Exhibit A, never became operative and binding upon any one, the subsequent lawful sale of the property by the owner to the defendant Bauer could not be held to have infringed any right of these plaintiffs, and in any event the finding is bare of supporting facts for the claim of conspiracy.

There is no error.

In this opinion the other judges concurred.