SYLVIA NICHOLS *v.* FREDERICK E. R. NICHOLS ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 7—decided May 1, 1940.

*Martin E. Gormley,* for the appellant (defendant Combs).

*Samuel G. Payne,* with whom was *Arthur M. Comley,* for the appellant (named defendant).

*Bernard S. Peck* and *David Goldstein,* with whom was *Arthur B. Weiss,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff, about fifteen years old at the time of the occurrence in question, and her sister, somewhat older, were riding in an automobile driven by their mother, which was proceeding northerly on a highway in Middletown when it came into collision with a car proceeding in the opposite direction driven by Raymond Combs.   The mother and both daughters were thrown out upon the pavement, the mother was killed and the daughters were both very

seriously injured. The plaintiff and her sister brought separate actions to recover for their injuries against Combs and against their brother, Frederick E. R. Nichols, who owned the car in which the plaintiff was riding, his liability being placed upon the ground that the mother was operating it at the time as a family car. Both daughters recovered large verdicts against both defendants and the latter have appealed, Combs from the denial of a motion to set the verdict aside as to him, and Nichols from the denial of a similar motion and also from the judgment. Only the action brought by the plaintiff is before us, it being stipulated that a like judgment to that entered upon this appeal should also be entered in the appeal taken by her sister.

The plaintiff makes two rather inconsistent claims of liability on the part of the defendants; as against Nichols, she claims that the car in which she was riding, proceeding with tires worn smooth on a slippery pavement, slid from its own side of the road to that on which the Combs car was coming, directly into its path, when the cars were about twenty-five feet apart, and though Combs promptly applied his brakes he ran into it; as against Combs, she claims that there was a third car parked or moving on the same side of the road and headed in the same direction as that of Combs, that when the car of Combs and the Nichols car were some sixty-five or seventy feet apart Combs tried to pass the third car and when they were about twenty-five feet apart the car of Combs was straddling the center of the highway, and the collision with the Nichols car resulted. Combs claims that the collision was entirely due to the skidding of the Nichols car as stated in the plaintiff's first claim, and that there was no third car present. Nichols claims that the collision was due entirely to the car of Combs turning out to pass the third car and so passing to its left of the

center of the highway, and colliding there with the car in which the plaintiff was riding. Whether or not there was a third car present as claimed by the plaintiff and Nichols, becomes, therefore, a vital element in the case.

A conclusion that there was a third car involved in the accident depends only upon the testimony of the plaintiff. It is true her sister made a very weak and ineffective effort to corroborate this testimony but finally admitted that she did not see the third car. That such a car was present is denied emphatically by Combs, and six disinterested witnesses testified that they did not see any such car. While the evidence of three of them might reasonably have been somewhat discounted by the jury on the ground that their opportunities of observation were such that they might not have seen it had it been there, the only witness of the actual collision, who was in a position to see all that took place, testified that there was no such car; and two of the witnesses who gave like testimony were at a gas station about one hundred and twenty-five feet south of the place of the accident and on hearing the crash turned at once to look and proceeded promptly to the place where it occurred, and had there been a third car present these witnesses could not have well avoided seeing it. The only testimony as to the injury to the Nichols car was that it was on its right side; photographs of the car in evidence corroborate this; and it is not possible to conceive how this would have been so had the car of Combs collided with the Nichols car in the way in which Nichols claimed that it did. The jury could not reasonably have reached the conclusion that there was any third car involved in the accident.

With this element in the case eliminated, the jury could only reasonably conclude that Combs was pro-

ceeding on his own right side of the road, at a speed not over thirty-five miles an hour; it is true that the plaintiff testified that his car was coming "fast" and "very fast" but she had only a momentary vision of it and such testimony is entitled to but little weight as indicating any definite speed. *Martino* v. *Connecticut Co.,* 109 Conn. 559, 561, 147 Atl. 20; *Sarver* v. *Morrow,* 121 Conn. 697, 699, 183 Atl. 739. Combs and Nelson, the only disinterested witness who saw the actual collision, testified that the Nichols car skidded in front of the Combs car when it was not over twenty-five feet away. Combs did testify that he did not see the Nichols car until it skidded into the path of his own because he was watching the road ahead of him, but if the collision occurred by reason of that skidding, his failure to see it before that time could not have been in any respect a proximate cause of the accident. Upon these facts there was no basis upon which the jury could reasonably conclude that Combs was negligent.

It had been raining; the pavement, which consisted of asphalt, was wet; and the jury could have concluded that it was very slippery; while the mother, driving the Nichols car, must have known that the pavement was wet, there was no sign warning her that this produced a slippery condition beyond the ordinary and no evidence that she would have discovered this by any reasonable observation; and while they might also have concluded that the tires on the Nichols car were worn smooth, there was no evidence as to the extent to which she had driven it before the accident or that she knew this fact. The jury could have reasonably found, also, that the windshield of the car she was driving was somewhat clouded with mist, although the wipers were working, and that the mother was singing as she drove along; but no basis is sug-

gested upon which either of these facts could have been found to contribute to the skidding of the car. The only testimony of the speed at which she was proceeding was that it was twenty-five to thirty miles an hour. The skidding of the car would only be the basis of finding of negligence on her part if it was due to some negligent conduct. *James* v. *Von Schuckman,* 115 Conn. 490, 493, 162 Atl. 3; *Staplins* v. *Murphy,* 121 Conn. 123, 125, 183 Atl. 398; *Baum* v. *Atkinson,* 125 Conn. 72, 75, 3 Atl. (2d) 305; *Porpora* v. *New Haven,* 122 Conn. 80, 85, 187 Atl. 668. Under these circumstances, for the jury to conclude that the driver of the Nichols car was negligent, could only be based upon a finding that the speed at which she was proceeding was excessive and that this caused the car to skid.

Such a conclusion would obviously be at least close to the line of those which are not reasonably permissible. In this case it is not necessary to go farther. The presence or absence of a third car at the time of the accident was an element entering into the decision of the case in so vital a manner that it is not possible to dissever it from the issue of the negligence of the driver of the Nichols car. *State* v. *Fasano,* 119 Conn. 455, 463, 177 Atl. 376. The circumstances of the accident, such as the death of the mother and the serious injury to the two young daughters, were such as might well arouse sympathy in the minds of the jury; and evidence as to the fact that there was a bottle of liquor in Combs' car bought just before he started on the drive during which the accident occurred, and that at least his companion had been drinking, were well calculated to arouse prejudice against him. Under the circumstances it is so highly probable that the jury, through misunderstanding, sympathy or prejudice, did not fairly consider the question of the negligence of

the driver of the Nichols car that the verdict against Nichols must also be set aside.

No purpose would be served by discussing the errors claimed on the appeal from the judgment by the defendant Nichols, as it is not likely that similar questions will arise upon a new trial if one is had, with the exception of three rulings on evidence. The trial court permitted a witness, called as an expert, to give his opinion as to the number of miles the tires on the Nichols car had been run. The statements of the witness as to the various elements which would enter into the determination of that fact did not render his opinion so without reasonable basis that the court might not admit it in its discretion. *Wray* v. *Fairfield Amusement Co.*, 126 Conn. 221, 224, 10 Atl. (2d) 600. However, the only service such evidence could perform in this case would be to corroborate by an inference, weak in the light of those elements, the positive testimony that the tires were worn smooth. This fact was substantially undisputed, and so treated by the court in its charge. The testimony was of little value. Had the court excluded it, we would not have found reversible error in that ruling. *Chesebro* v. *Lockwood*, 88 Conn. 219, 225, 91 Atl. 188.

The appellant Nichols also assigns as error that the court refused to mark as an exhibit in evidence a certain paragraph of the complaint which had been superseded by an amendment but which he claimed constituted an admission, although he had the benefit of the claimed admission in argument. A superseded pleading remains in the case as a part of its history and is available to the adverse party as an admission. *Loomis* v. *Norman Printers Supply* Co., 81 Conn. 343, 350, 71 Atl. 358. The trial court may take judicial notice of all papers forming a part of the file of the case and use them for any proper purpose; *German* v.

*German,* 125 Conn. 84, 89, 3 Atl. (2d) 849; and this court can also take notice of them. *McCleave* v. *Flanagan Co.,* 115 Conn. 36, 38, 160 Atl. 305. Judicial notice takes the place of proof. *State* v. *Main,* 69 Conn. 123, 136, 37 Atl. 80; *Muse* v. *Page,* 125 Conn. 219, 225, 4 Atl. (2d) 329. "The true conception of what is judicially known is that of something which is not, or rather need not, unless the tribunal wishes it, be the subject of either evidence or argument—something which is already in the court's possession, or at any rate is so accessible there is no occasion to use any means to make the court aware of it." Thayer's Cases on Evidence, 20; see also *Schmidt* v. *Manchester,* 92 Conn. 551, 554, 103 Atl. 654; *McCleave* v. *Flanagan Co.,* supra. The source of information relied upon is used "not strictly as evidence, but for the purpose of refreshing the memory of the court and jury." *State* v. *Morris,* 47 Conn. 179, 180. Most matters which the court may notice fall into one of two classes, those which come to the knowledge of men generally in the course of the ordinary experience of life, and are therefore in the mind of the trier, or those which are generally accepted by mankind as true and are capable of ready demonstration by a means commonly recognized as authoritative. *Roden* v. *Connecticut Co.,* 113 Conn. 408, 415, 155 Atl. 721. As to matters falling within the first class, obviously there is no occasion to introduce evidence. As to those falling within the second class, it may, in some cases, be the duty of counsel to provide the court with a means of ascertaining them, and, as indicated in the quotation from Thayer we have made above, witnesses can be called for that purpose; but, in a jury case, such evidence would ordinarily be offered in the absence of the jury. In *Sims* v. *Smith,* 115 Conn. 279, 286, 161 Atl. 239, we said that, even though no evidence was offered as to the prob-

able duration of the life of a deceased person, the trial court might charge the jury with reference to it upon the basis of mortality tables because it is entitled to take judicial notice of them. However, matter which it is claimed the court should judicially notice should ordinarily be called to its attention by a party seeking to take advantage of it in the course of presenting evidence in the case so that, if there is ground upon which it may be contradicted or explained, the adverse party will be afforded an opportunity to do so, and this is particularly true of a claimed admission in a superseded pleading. 2 Wigmore, Evidence (2d Ed.) 551. Moreover, where it is necessary to make an adequate record of the case for an appeal, the source of information should be read into the record or be marked as an exhibit; or, if the trial court refuses to take notice of the matter, it should, unless it would otherwise appear of record, be marked for identification; and, in a jury trial, the court may in its discretion cause the matter to be submitted to the jury either by having it read into the record or marked as an exhibit, or may place it before them in its charge. If the information is thus placed before them, there would be no error in the refusal of the trial court to admit as evidence in the case the source from which it is derived. *Roden* v. *Connecticut Co.*, supra, 414. To this extent we modify the statement in *Ford Co.* v. *Dudley*, 104 Conn. 519, 525, 133 Atl. 746, that a superseded pleading claimed as an admission should be offered in evidence. In *Bartolotta* v. *Calvo*, 112 Conn. 385, 395, 152 Atl. 306, and *Baker* v. *Paradiso*, 117 Conn. 539, 547, 169 Atl. 272, where superseded pleadings were admitted in evidence, no objection was made to this procedure, and this is also true as to the almanac admitted in evidence in *State* v. *Morris*, supra.

While the home of Mr. Nichols was with his mother in Greenwich, Connecticut, his car was licensed in New York, and in view of the fact that Greenwich is so near the New York boundary and there are so many business and personal contacts between that town and New York City, testimony that Mrs. Nichols did not have a license to operate a car in New York at the time of and within a reasonable time before the accident was relevant upon the issue whether the car was a family car.

There is error, and the case is remanded to the Superior Court with direction to grant the motions of both defendants to set the verdict aside.

In this opinion the other judges concurred.