IDA KENT *v.* JANE T. OSTAFIN ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 9—decided December 5, 1950

*Edward F. Halloran,* with whom, on the brief, was *Cornelius D. Shea,* for the appellant (plaintiff).

*Edward C. Krawiecki,* with whom were *Walter J. Sidor* and, on the brief, *William C. Bieluch,* for the appellees (defendants).

INGLIS, J. The assignments of error in this case are directed at the finding of subordinate facts and at the conclusion that no negligence on the part of the defendant was the cause of the personal injuries sustained by the plaintiff. No material change may be made in the finding of the subordinate facts. About 5 o'clock in the afternoon of February 8, 1945, the plaintiff, walking westerly on the north sidewalk of Capitol Avenue in Hartford, reached Forest Street, which runs into Capitol Avenue from the north. It was snowing hard at the time and there was a deep accumulation of wet, heavy snow on the ground. When the plaintiff was about three-fourths of the distance across Forest Street, she slipped and fell on the crosswalk.

Just prior to this fall the defendant Emil Ostafin, hereinafter referred to as the defendant, was driving an automobile owned by the named defendant south on Forest Street. He had no tire chains on the wheels. Knowing there was a stop sign at the intersection, he began to slacken speed so that when he reached a point about twenty feet north of the sign he was going not more than fifteen miles per hour. At that point he applied his brakes. Thereupon the car started to skid. It came to rest, however, from one to five feet north of the plaintiff without striking her.

On these facts the trial court concluded that the defendant was operating his car with due care, that no negligence on his part caused the emergency of the car's skidding, that he acted with reasonable prudence in attempting to control his car when it started to skid and that, in any event, his operation of the car was not the proximate cause of the plaintiff's injuries. The defendant's operation of his car on a slippery road without chains was not negligence as a matter of law. *Witek* v. *Southbury*, 132 Conn. 104, 109, 42 A. 2d 843. Nor did the fact that his car went into a skid compel a

finding of negligence. *Nichols* v. *Nichols,* 126 Conn. 614, 619, 13 A. 2d 591, and cases cited. The plaintiff's claim, apparently first asserted in this court, that, even if she was not struck by the car, its negligent operation caused her to fall through fright is suggested neither by the finding nor the requests to find nor the testi· mony. It is entirely without merit. On all of the subordinate facts found, the trial court was justified in concluding both that the defendant was not negligent and that there was no causal relationship between his operation of the car and the plaintiff's injuries. Inasmuch as the finding cannot be disturbed the judgment must stand.

There is no error.

In this opinion the other judges concurred.