RAPHAEL JAMES, ADMINISTRATOR, (ESTATE OF JACK JAMES) *vs.* FREDERICK VON SCHUCKMAN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 9th—decided August 9th, 1932.

*George N. Foster,* for the appellant (plaintiff).

*J. Warren Upson,* for the appellee (defendant).

BANKS, J. Plaintiff's intestate was injured in an automobile accident while riding as a guest in a car operated by the defendant in North Kingston, Rhode Island, on September 7th, 1929, and died as a result of his injuries on September 14th, 1929. Plaintiff's intestate and the defendant, aged respectively twenty and eighteen, left Watch Hill in the evening of September 6th in the latter's Chevrolet coupe, with two girl companions. They drove to Providence, which they reached shortly after midnight, and after driving about Providence a short time proceeded to return to Watch Hill. After rounding a fairly gradual reverse curve in the road, the car, which was being driven at a speed of about thirty miles an hour, went into a skid, traveled sideways for a distance of about twenty feet, and the right side of the car came into contact with a tree on the left side of the road. The car was badly damaged and all the occupants injured. The highway was of concrete, twenty feet in width, and nearly level. The point of the accident was about one hundred and seventy feet beyond the curve. At the time of the accident it was raining hard and the surface of the road was wet. There was no other traffic in the vicinity. The car was equipped with a windshield wiper, headlights and four-wheel brakes which were in good condition, and one of the rear tires was new. Before reaching Providence the defendant and the plaintiff's intestate had had two drinks from a pint bottle of whiskey which the latter had procured. At the time of the accident the plaintiff's intestate was seated on the right of the driver's seat, one of the girls was in his

lap, and the other was seated between him and the defendant who was driving the car.

The court found that the plaintiff had not sustained the burden of proving the negligence of the defendant, and that plaintiff's intestate was contributorily negligent in procuring and giving the whiskey to the defendant, and in occupying the seat upon which the operator of the car and the two girls also sat. The plaintiff contends that the facts set forth in the finding, which he also claims should be corrected, do not support these conclusions.

The plaintiff does not claim that the defendant was operating the car while under the influence of liquor, nor that it was negligence for him to operate it with four people sitting upon the driver's seat. On the contrary, he contends that the defendant had but a single drink of whiskey several hours before the accident which had no effect upon his operation of the car, and that he was not handicapped in its operation by the number of people who were occupying the driver's seat, both of these contentions being made in support of his claim that his intestate was not guilty of contributory negligence in supplying the whiskey and crowding the driver's seat. The allegations of negligence in the complaint are that the defendant drove his car with faulty brakes, that he did not keep a proper lookout, and that he was operating the car at an excessive rate of speed.

The finding that the car was equipped with four-wheel brakes which were in good condition is not attacked, and there is apparently no claim made that the defendant failed to keep a proper lookout, or that, if he did so fail, it was a proximate cause of the accident. The accident was caused by the skidding of the car across the wet road and into a tree on the left side of the highway. The court has found that when the car

entered the curve it was being operated at a reasonable speed, and that when it began to skid it was being driven at a speed of about thirty miles an hour, which latter finding is not attacked. The plaintiff's contention seems to be that the skidding of the car conclusively established that the speed at which it was being operated was excessive and therefore negligent, or that it was in some other respect being operated in a negligent manner. The skidding of an automobile is not an occurrence of such a character as, of itself, necessarily to establish or constitute negligence in its operation. If the driver acted as would a reasonably prudent person, under the circumstances, he is not to be held negligent merely because the car skidded and did damage. *DeAntonio* v. *New Haven Dairy Co.*, 105 Conn. 663, 667, 136 Atl. 567. Whether or not negligent action of the driver caused the skidding of the car and the consequent damage is ordinarily a question of fact for the trier. In the *DeAntonio* case we said that the jury, upon the evidence before them, might reasonably decide that question adversely to the defendant. Here, likewise, it was a question of fact for the trial court, whose decision, whether in favor of or adverse to the defendant, we cannot disturb.

No corrections which could justifiably be made in the finding would affect the result. The facts set forth in the draft-finding, which were not substantially found by the court, are for the most part those upon which the plaintiff relies in support of his claim that the court erred in finding that his intestate was guilty of contributory negligence. Since the court did not err in holding that the defendant was not negligent, it is unnecessary to consider the question of the plaintiff's contributory negligence.

The court rightly sustained the plaintiff's claim that the law of Rhode Island controlled the plaintiff's right

of action and that he could recover upon proof of ordinary negligence on the part of the defendant. *Orr* v. *Ahearn,* 107 Conn. 174, 175, 139 Atl. 691. Its decision that he had failed to prove such negligence is, under the circumstances of this case, a conclusion of fact which is decisive of the case.

There is no error.

In this opinion the other judges concurred.