SAMUEL NIRENSTEIN *vs.* NATHAN G. SACHS.
MARGARET H. WELCH *vs.* NATHAN G. SACHS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 13th—decided August 8th, 1933.

*John C. Blackall*, with whom, on the brief, was *Charles H. Blackall*, for the appellant (defendant).

*David A. Wilson*, for the appellee (plaintiff Nirenstein).

*Walter F. Foley*, with whom, on the brief, was *Joseph Swaye*, for the appellee (plaintiff Welch).

MALTBIE, C. J. The plaintiff in one of these actions, Nirenstein, while engaged in changing a tire of the car he was operating, was injured by being struck by a car driven by the defendant, and the defendant's car at the same time collided with that of Nirenstein, causing injuries to the plaintiff in the other action, Mrs. Welch. In each case the jury returned a verdict for the plaintiff and the defendant has appealed from the denial of his motion to set it aside. It is not disputed that the highway for a considerable distance easterly of the point of the accident was straight, its traveled portion twenty feet wide, with a shoulder on the north side about six feet wide and one on the south side about four feet wide, and with highway fences on both sides; that from a point about six hundred feet easterly of the place of the accident the highway descends, for most of the distance at a five and one half per cent grade; that it is paved with macadam, having a rather high crown in the center and slippery when wet, as it was at the time of the accident; that Nirenstein had been driving westerly and had stopped his car on the northerly side of the road altogether off, or with its left wheels close to the edge of, the paved way; and that the defendant was also driving westerly on the highway. The jury might also have found the following facts: The structure of the road was such that if the car was being driven on the side slope the driver would be liable to lose control of it; the defendant had been over the road he was traveling in the forenoon of the same day and he and his wife, who was with him, had talked about its condition; the defendant was driving at a speed of thirty to thirty-five miles an hour when he came to the top of the hill; he put on his brakes and slowed to twenty to twenty-five miles an hour; as he came down the hill his car was to the right of the center line; he saw

the plaintiff's car parked at the side of the road and noticed a man on the left side of it busy about something connected with it; his car gathered momentum and was going more than thirty miles an hour and he applied his brakes again; he was then some hundred feet or more from the plaintiff's car; the defendant's car skidded very badly, struck the fence at the south side of the road, turned in a semicircle, struck the plaintiff Nirenstein and his car, and finally stopped with the front of his car about eight feet west of the plaintiff's car and almost facing it.

The immediate cause of the accident was undoubtedly the skidding of the defendant's car. That would not in itself be evidence of negligence on his part or a proper basis of recovery by the plaintiff. *James* v. *Von Schuckman*, 115 Conn. 490, 162 Atl. 3. There is no evidence upon which the jury could find any negligence on the part of the defendant after his car began to skid. It is necessary then to inquire whether there was negligence on his part in the operation of the car which was the cause of that skidding. The defendant testified that when he applied his brakes the second time, a front tire "blew out" and attributed the skidding to this; but, upon the evidence offered as to the character of the injury to the tire and the time when the noise of escaping air was heard, the jury might have reasonably found that the injury to it occurred at the time of, and was due to, striking the plaintiff's car. They might have reasonably concluded that, in view of the character of the road and his knowledge of its dangerous condition, the defendant was negligent in the speed at which he proceeded down the hill, and in not applying his brakes before his car had gathered so much momentum; and that had his car not been going as fast as it was when he applied his brakes it would not have skidded in the way it did

and would not have struck the plaintiff and his car. We cannot say that the conclusion of the jury that the defendant was negligent, fortified by the refusal of the trial court to set the verdict aside, was not one which they might reasonably have reached. We certainly cannot say that the plaintiff Nirenstein was guilty of contributory negligence as matter of law in parking his car at the side of the highway near the fence, instead of turning off on one of the side roads which near this point intersect the highway on which he was traveling.

One ground of the defendant's motion to set aside the verdict in favor of the plaintiff Nirenstein was that the damages fixed in it were excessive. The verdict was for him to recover $15,000. He was about thirty-seven years old at the time of the accident. He suffered very serious injuries, fourteen ribs being fractured and hemorrhages being caused in the pleural cavity, seriously affecting his breathing. He had traumatic pneumonia and was in a critical condition for two and a half weeks. He was in the hospital six to eight weeks and had been incapacitated from work up to the time of the trial, some eight months after the accident. There was medical testimony that he would not be able to work for at least another ten months; that during this period he would be liable to develop tuberculosis; that he had developed a chronic condition in the bronchial region resulting in a liability to serious trouble in case of his being subjected to exposure, and that he probably would never completely recover, or be able again to carry on the work he had been engaged upon for some years, running a bakery route. He had incurred over $1300 in expenses for medical treatment and his loss of earnings for the eighteen months of incapacity would amount to some $3700. The verdict was a large one but the trial court

refused to set it aside and we cannot find upon this record that it abused its discretion in so doing.

There is no error on either appeal.

In this opinion the other judges concurred.