Anna N. Staplins, Administratrix (Estate of Edward W. Staplins) *vs.* Ernest J. Murphy et als.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued January 8th—decided February 13th, 1936.

*Perry J. Hollandersky,* for the appellant (plaintiff).

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellees (defendants Murphy *et al.*)

124

*Francis F. McGuire,* with whom, on the brief, was *Frank L. McGuire,* for the appellee (defendant Durant, administrator).

BANKS, J.  Plaintiff's decedent was a guest in an automobile owned and operated by Frank McManus, since deceased, which came into collision with an automobile owned by the defendant William B. Waterman, Incorporated, and operated by the defendant Murphy, resulting in his death.  The trial court directed a verdict in favor of the defendant Durant, administrator of McManus' estate, and the jury returned a verdict in favor of the other defendants.

The plaintiff alleges error in the denial of her motion to set these verdicts aside, also errors in the charge of the court.  The jury might reasonably have found the following facts:  On the afternoon of December 17th, 1933, plaintiff's decedent was riding as a guest of McManus, who was driving through the town of East Lyme on his way from New London to New Haven.  The car had rounded a long gradual curve on a long up-grade and was passing over the crest of the grade at a speed of between thirty and forty miles an hour.  The road at this point was of cement, twenty feet wide with four foot shoulders on either side.  There had been a drizzling rain resulting in a sleeting condition, and the surface of the road was wet and slippery.  The McManus car was being operated in "free wheeling," a device which disengages the gears and allows the car to run without the braking power of the engine.  A car operated by the defendant Murphy was approaching from the opposite direction at a speed of between thirty and forty miles an hour.  The McManus car suddenly skidded to the right onto the shoulder of the road and then shot diagonally across the road toward the Murphy car, which was

then about forty feet away, which it struck and pushed off the road and against a bank about five feet beyond the outside edge of the shoulder of the road. There was a skid mark made by the right rear wheel of the Murphy car, running from that wheel to the left rear wheel, and nearly at right angles to the edge of the cement, indicating that the car had been pushed sideways for its own width after it had come to a stop on the shoulder of the road. After the collision the two cars were side by side headed toward New London and the right side and right front end of the McManus car were crushed in.

Plaintiff's decedent was a guest of McManus, and, under the guest statute, the plaintiff can recover from his estate only upon proof of reckless misconduct on his part. The court directed a verdict in favor of the McManus estate on the ground that there was no evidence of such misconduct sufficient to go to the jury. In this it did not err. The immediate cause of the accident was undoubtedly the skidding of the McManus car. That would not in itself be evidence of negligence on his part, and still less of reckless misconduct. *James* v. *Von Schuckman,* 115 Conn. 490, 162 Atl. 3; *Nirenstein* v. *Sachs,* 117 Conn. 343, 345, 167 Atl. 822. The record is barren of any evidence of reckless operation of the car causing the skidding. The situation was quite unlike that in *Meyer* v. *Hart,* 110 Conn. 244, 147 Atl. 678, cited the plaintiff, where the defendant was driving down a steep hill on a wet asphalt pavement at a high rate of speed, though requested by his passenger to drive more slowly, and approaching intersecting streets, and in the face of an emergency created by his own conduct applied the brakes which caused his car to skid and turn completely around twice. Here the car was proceeding either upon the level or slightly up-grade at what

could not be considered a reckless rate of speed, and suddenly skidded off the concrete upon the right shoulder of the road and then, following an apparent endeavor of the driver to correct the skid, shot across to the other side of the road. Both of the occupants of the car were killed as a result of the collision, and there was no evidence furnishing an explanation for the skidding and none that it was caused by the reckless misconduct of McManus. *Latham* v. *Hankey,* 117 Conn. 5, 166 Atl. 400. The course of the car across the road was the apparent result of an attempt by the driver to correct the skid and in no event could be held to justify a finding of a course of conduct evincing a reckless disregard of the rights of others. *Riordan* v. *Gouin,* 119 Conn. 235, 238, 175 Atl. 686.

Nor did the court err in denying plaintiff's motion to set aside the verdict in favor of the defendants Waterman, Incorporated, and Murphy. It is the plaintiff's claim that Murphy saw or should have seen the McManus car start to skid when it was two or three hundred feet away, and that it was his duty then to have stopped his own car immediately. A witness testified that the cars were between two and three hundred feet apart when the McManus car started to skid, and that they were only about forty feet apart when it started to cross the road. Under conditions of this character absolute accuracy of statement as to distances cannot reasonably be expected. The jury could have accepted the latter statement as approximately correct, and have found that the cars were much nearer to each other than two hundred feet when the skid took place. They could have found that there was nothing to indicate danger of a collision until the McManus car started to cross the road, and that Murphy then did all that could reasonably be expected in bringing his car to a stop upon the

shoulder of the road when it was struck. *Kenyon* v. *Goodrich & Co., Inc.,* 120 Conn. 482, 181 Atl. 390. The jury could reasonably find that the defendant Murphy was not negligent.

The plaintiff filed no written requests to charge but assigns as error the failure of the court to charge as to the doctrines of supervening negligence and res ipsa loquitur. Apart from the failure to request such charge, it is apparent from the facts disclosed in the finding that the court was not required to charge, nor would it have been justified in charging, as to either of these doctrines. The exceptions to the charge as given do not require discussion.

There is no error.

In this opinion the other judges concurred.