LENA GRILLO *vs.* ANGELINA BONAUITO ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued June 4th—decided July 22d, 1937.

*DeLancey Pelgrift,* for the appellants (defendants Bonauito).

*Harrison D. Schofield,* for the appellants (defendants Ruitto).

*Cornelius J. Danaher,* with whom was *Francis R. Danaher,* for the appellee (plaintiff).

BROWN, J. In this action for personal injuries sustained by the plaintiff, a passenger in the Bonauito sedan automobile, in a collision at a street intersection with the Ruitto motor truck, the question determinative of the appeal by the defendants Bonauito is whether the facts found support the court's conclusion that the defendant Angelina Bonauito was operating the sedan recklessly and with heedless disregard of the plaintiff's rights, and that determinative of the appeal by the defendants Ruitto is whether the facts found

support its further conclusion that the defendant John Ruitto was operating the truck negligently.

The following material facts are found in addition to others subsequently referred to in the opinion: About 6.45 p.m. on December 30th, 1935, the defendant Angelina Bonauito, a driver of six years experience, as agent of the defendant Sebastian Bonauito, was driving his sedan northerly on a 2.4 per cent. descending grade along Pearl Street in Middletown toward Grand Street which extends in an easterly and westerly direction and intersects it at right angles. The plaintiff, in the exercise of all due care, was riding in the car as a guest. It was not equipped with tire chains. The roadway was slippery and icy. While so proceeding shortly before reaching Grand Street, the defendant Angelina applied her foot brake in an attempt to stop the car, causing it to skid and slide straight forward into the intersection. Meanwhile the defendant John Ruitto, as agent for the defendant Joseph Ruitto, drove the truck easterly along the northerly side of Grand Street which is a "through street," into the intersection intending to continue through it and on to the east. The headlights of the sedan were lighted and if the defendant John had seasonably looked to his right before entering the intersection he could reasonably have seen the car before it entered the intersection. The truck collided with the left side of the sedan at a point in the northeast quarter of the intersection and forced it up over the curb and against a pole five feet east of the northeast curb corner. The defendant John was aware of the slippery condition of the road.

The appellants Bonauito in claiming that the finding was insufficient to support the court's conclusion that the defendant Angelina was guilty of reckless operation of the sedan, rely upon the further facts

that though there was a "stop" sign as she knew, located twenty-one feet south of Grand Street, and although she also knew the entire highway was slippery calling for a high degree of care in driving, she already on four different occasions on roadways she knew to be similarly slippery, had brought her car to a stop without difficulty; that there had been no cautioning warning from any of her passengers as to her driving; and that she was proceeding at but fifteen miles an hour when she applied her brakes at a point ten feet south of the "stop" sign; and this caused the car to skid and shoot forward at an accelerated speed into the intersection. These further facts make clear, as these appellants contend, that the defendant Angelina, although the road was slippery and there were no chains on her tires as she knew, had reason to believe from her previous stops made under similar conditions, that at the moderate speed at which she was proceeding, the application of her brakes at a point thirty-one feet south of the intersection, would effectively bring her car to a stop before reaching it. It was the skid which sent the car out of control and defeated her purpose. But this of itself did not necessarily constitute even negligence. *James* v. *Von Schuckman*, 115 Conn. 490, 493, 162 Atl. 3. And under the facts here disclosed the driver's acts which produced it, fell far short of that improper or wrongful conduct constituting wanton misconduct, evincing a reckless indifference to consequences to the life, limbs, or health of another, which we have held essential to a reckless disregard of the rights of others. *Bordonaro* v. *Senk*, 109 Conn. 428, 431, 147 Atl. 136. In the present case as in that of *Sadinsky* v. *Coughlin*, 114 Conn. 585, 589, 159 Atl. 492, involving somewhat analogous facts, the attribute of a wrongful course of conduct persisted in by the defendant, commonly

found in this type of case, as for example in *Coner* v. *Chittenden,* 116 Conn. 78, 82, 163 Atl. 472, is absent. The facts here may be sufficient to disclose conduct arising from momentary thoughtlessness, inadvertence, or from an error of judgment, thus amounting to negligence, but such conduct does not indicate a reckless disregard of the rights of others. *Ascher* v. *Friedman, Inc.,* 110 Conn. 1, 4, 147 Atl. 263. The court erred in concluding that the defendant Angelina operated the sedan recklessly, and with heedless disregard of the plaintiff's rights.

The appellants Ruitto in contending that the finding was insufficient to support the court's conclusion that the defendant John was negligent in operating the truck, rely upon the further facts that the truck was equipped with tire chains; that it was proceeding in second gear; that the defendant John knew Pearl Street to be a "stop street;" that the truck had proceeded five feet into the intersection when he first saw the sedan, which was then at the "stop" sign twenty-one feet south of the intersection; that the sedan failed to come to a stop before entering the intersection; and that instead, between the time he first saw it and the collision, its speed increased from fifteen to between twenty-five and thirty miles an hour. In the light of these facts these appellants argue that whether the defendant John was negligent in failing to use reasonable care under the circumstances, depends upon his right to assume, until as a reasonable man he should have discovered the contrary, that the driver of the sedan would comply with the statute and bring her car to a stop before entering the intersection. They contend therefore that he was not negligent in proceeding through the intersection as he did, and that by the time the failure of the sedan to stop became apparent, there was nothing he could do

in the exercise of all due care on his part to avoid the collision which had then become inevitable. These appellants further claim that therefore even though he was negligent in driving on his left side of the road, this was a condition merely and not a cause of the collision.

This argument fails, however, to take note of certain other factors in the situation. The defendant John, although he knew of the slippery condition of the street, was familiar with the intersection, and had he looked could have seen the sedan when it was thirty feet south of the intersection, did not look to see whether any traffic was approaching until he was five feet into the intersection. The trial court's finding that the speed of the truck, as indicated by the fact that it proceeded dragging its tire chains thirty-five feet after the brakes were applied and by the force of the collision, was unreasonable under existing circumstances, must stand. The conclusion of the trial court that the failure of the defendant John to keep a proper lookout and that his entering the intersection at the speed he did constituted negligence on his part and caused the accident cannot be held to be unreasonable, and established his liability.

There is error upon the appeal of the defendants Bonauito and the Superior Court is directed to enter judgment for them. There is no error upon the appeal by the defendants Ruitto.

In this opinion the other judges concurred.