This is an action of negligence for damages resulting from an automobile collision. Motion of plaintiff to amend summons and complaint was granted by consent and amendment filed effective as of date of trial, October 8, 1953. Plaintiff, who had been operating his automobile easterly on State Street, a one-way highway, in the city of Bridgeport, on January 8, 1951, about 1 o'clock in the afternoon, brought his automobile to a stop on the south side of the road at the intersection of State and Lafayette Streets, at which traffic was being controlled by a signal light. Plaintiff's was the first car from the intersection. While plaintiff's car was at a standstill the traffic light was red against him. He had his foot on the clutch pedal waiting for the light to change, permitting him to *Page 484 
continue, when his car was struck from the rear by a light-weight panel delivery truck claimed to be that of the defendant. It was the plaintiff's own testimony that the car in the rear slid into his car and that at the time ice was on various parts of the highway there. Plaintiff did not know how far his car traveled or if it was moved at all after the impact; nor whether the light was red or otherwise as he began to stop his vehicle, nor how long he may have been stopped before the impact. It was good weather overhead at the time. There was evidence of claimed personal injuries but none as to property damage to the car although both were alleged.
Defense rested at the close of plaintiff's case in chief without offering any evidence in reply and moved for judgment. The essence of plaintiff's claim is that his evidence showing that the car in the rear collided with the rear of plaintiff's car while at a standstill in response to a signal light makes out a prima facie case which, in the absence of any explanation of the occurrence by the defendant, warrants a judgment for the plaintiff, who relies upon the rule of res ipsa loquitur to favor his cause.
The first question is whether the situation proven justifies the application of the doctrine mentioned. The conditions required to be met in order to permit the rule to be applied are well settled. Stebel v.Connecticut Co., 90 Conn. 24, 26; Schiesel v. S. Z.Poli Realty Co., 108 Conn. 115, 121. In order to render the doctrine applicable in a case involving the operation of an automobile, "the accident must be one which ordinarily could not happen except through fault in the operation of the car." Giddings
v. Honan, 114 Conn. 473, 476. Thus, where a tire was found blown out after the accident and it was recognized that a deflated tire could readily cause such an accident as there involved, it was held that *Page 485 
the doctrine was not applicable because "the possible or probable causes were not all so within the control of the driver as to bring the rule into operation." Ibid.
In the present case, the doctrine is not applicable because the situation in proof does not satisfy the first condition, which requires that the situation must be such that in the ordinary instance no injury would result unless from a careless user. It is a fair inference that the skidding was the immediate cause of the collision. "The skidding of an automobile is not an occurrence of such a character as, of itself, necessarily to establish or constitute negligence in its operation. If the driver acted as would a reasonably prudent person, under the circumstances, he is not to be held negligent merely because the car skidded and did damage." James v.Von Schuckman, 115 Conn. 490, 493. See also Martin
v. Holway, 126 Conn. 700, 702, 703 (icy road); Staplins
v. Murphy, 121 Conn. 123, 125. This is so notwithstanding that the collision resulting from the skidding is with a standing object. James v. VonSchuckman, supra, 491, 493 (pole on left-hand side of the road); Nirenstein v. Sachs, 117 Conn. 343,345 (car parked to fix a tire). The situation as presented in the record, therefore, does not warrant the application of the doctrine.
Even if the situation were one appropriate for the use of the rule, however, it still would not be applicable in this case because its function has already been served, as shown by the plaintiff's own proof. "The distinctive function of the rule is to permit an inference of negligence from proof of the injury and the physical agency inflicting it, without proof of facts pointing to the responsible human cause." Ruerat v. Stevens, 113 Conn. 333, 337. The legal presumption based upon the inference of negligence arising from the application of the rule *Page 486 
"merely calls for evidence in explanation or rebuttal of the inference upon which the presumption rests. The presumption stands or falls with the inference. If no explanation or rebuttal is forthcoming the inference remains and the presumption obtains. But if either is made, and in a degree satisfying the court's requirement, the inference is met, the presumption no longer exists and the decision must rest upon the evidence, free from the effect of the presumption." Schiesel v. S. Z. Poli Realty Co.,108 Conn. 115, 120.
Here the situation disclosed by the record is not merely a rear-end collision between two automobiles unexplained by the claimed defendant. The proof offered by plaintiff goes beyond this and shows that the road was at the time covered with ice at various places and that the rear-end collision was due to the rear car sliding into that of plaintiff, which was ahead of it. Under these circumstances the plaintiff has himself furnished the explanation for the collision. Thus the purpose of the rule has already been exhausted by the plaintiff himself and, where this is so, there is no need for invoking the doctrine.
In Creamer v. Cerrato, 1 Cal.App.2d 441, 444, plaintiff's parked car had been struck by a truck traveling on its wrong side of the road, and the court stated: "[S]ince the testimony of appellant [plaintiff] and of her witnesses explained the reason for the accident . . . the doctrine is not applicable and the inference of negligence, raised by an unexplained collision, disappeared." In O'Donohoe v. Duparquet,Huot Moneuse Co., 67 Misc. (N.Y.) 435, in which plaintiff's parked car was struck by a moving truck, the court said (p. 436): "Assuming that this doctrine is applicable where a vehicle, lawfully standing at rest on the side of the street, is struck by a vehicle moving upon the street, in the absenceof explanation as to the cause of the accident, it *Page 487 
would not apply to a case like the case at bar, where there is no absence of explanation, but, on the contrary, positive proof introduced by the plaintiff as to the cause of the accident and the manner in which the accident occurred."
See also Ruerat v. Stevens, 113 Conn. 333, being an action for damages for injuries to plaintiff's furnishings resulting from a fire to a sofa claimed to have been caused by defendant's negligent use of a lighted cigarette, in which because plaintiff's evidence went beyond "mere proof that her property was destroyed by fire," and included evidence of the defendant's conduct with reference to the cigarette (p. 337), the court ruled that res ipsa loquitur was not applicable (p. 338).
Thus, in the present case, without the benefit of the inference and presumption of negligence otherwise afforded by the rule mentioned, the situation presented is one which calls for the determination whether the circumstantial evidence is sufficient to justify an inference as to any alleged negligent conduct of the defendant (cf. Ruerat v. Stevens, supra, 338), and the decision must rest upon the evidence free from the effect of any presumption otherwise afforded by the use of res ipsa loquitur. Cf. Schiesel
v. S. Z. Poli Realty Co., 108 Conn. 115, 120. "The burden of proof rests throughout the case upon the plaintiff." Id., 121.
In an action to recover damages for personal injuries, the plaintiff is bound to remove the essential issues of negligence and proximate cause from the realm of speculation by establishing facts affording a logical basis for the inferences which he claims.Genishevsky v. Fishbone, 109 Conn. 58, 60. In a civil action the standard of proof is "proof which `produces a reasonable belief of the probability of the existence of the material facts.'" Beckwith v.Stratford, 129 Conn. 506, 507. *Page 488 
The skidding of an automobile would be the basis of finding that the driver was negligent if it was due to some negligent conduct on his part. Nichols v.Nichols, 126 Conn. 614, 619. There is no evidence to show here nor claim made that the truck driver was negligent after he began to skid. The question then is whether there was negligence on his part in the operation of the truck which was the cause of the skidding. The evidence shows no direct cause of the collision other than the skidding. There is no evidence relating to the truck previously to the collision as to its speed, manner of operation, condition of traffic, the force of the impact, how close it was to plaintiff's car as they approached the intersection, or other circumstances indicating when danger of a collision reasonably should have been anticipated by, or apparent to, the operator of the truck, or of other circumstances showing that the truck driver failed in the exercise of reasonable care to have so controlled it as to have prevented its skidding or striking of the plaintiff's car.
Plaintiff is not entitled to the benefit of any adverse inference from the failure of defendant to produce the testimony of the operator of the truck for at least two reasons: First, it does not appear that the truck driver was not available to the plaintiff as a witness by the use of customary process equally as to the defendant. Also, it does not appear whether the truck driver was or was not present in court. "When a witness is equally within the control of both parties and is not called, no presumption is raised that his testimony would have been unfavorable to either party." Fierberg v. Whitcomb,119 Conn. 390, 397. Secondly, the rule permitting an adverse inference to be drawn from the failure of defendant to call the truck driver as one whom defendant would naturally produce is not applicable in this case because of the failure of plaintiff to have made out a prima facie case. *Page 489 
"`It [the rule as to the inference] is not applicable until the plaintiff has first made out a prima facie case. The inference drawn from the failure to testify does not supply the place of evidence of material facts and does not shift the burden of proof so as to relieve the party upon whom it rests of the necessity of establishing a prima facie case, although it may turn the scale, when the evidence is closely balanced.' " Russo v. Dinerstein, 138 Conn. 220,226.
As to plaintiff's claim that defendant was negligent by reason of the failure of the truck driver to stop in compliance with the red signal light, under § 2489 of the General Statutes, the proof does not show that any such violation occurred. No evidence indicates that the truck driver entered the intersection nor that he failed to stop at any stop line, if any existed, nor that it had any influence upon the happening of the accident.
Counsel for the plaintiff has referred the court only to cases from other states. In the main, they illustrate that there may be circumstances under which a rear-end collision occurs which may warrant the application of the doctrine of res ipsa loquitur and the indulgence of a presumption or inference of negligence. They appear distinguishable on their facts from those of the present case, however, where the skidding is shown and found to be the immediate cause of the collision. Also, to the extent that they differ from the authorities of this state in the manner of utilizing the function and effect of the rule of res ipsa loquitur, they are not applicable to the circumstances of the instant case. Plaintiff has failed to sustain his burden of proof.
 Judgment is rendered for the defendant with incident costs.