102 N.J. Super. 582 (1968)
246 A.2d 478
ANNA MOCKLER AND ERWIN MOCKLER, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
JOHN RUSSMAN, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 1, 1968.
Decided September 18, 1968.
*585 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Donald R. Sorkow argued the cause for appellants (Messrs. Sorkow and Sorkow, attorneys).
Mr. John P. Markey argued the cause for respondents (Messrs. Markey and Whitham, attorneys).
The opinion of the court was delivered by COLLESTER, J.A.D.
In this personal injury automobile negligence action plaintiffs Anna Mockler and her husband Erwin Mockler appeal from a judgment entered in the Law Division following a jury verdict of no cause for action in favor of defendants John Russman and Joseph Lorusso. Plaintiffs' motion for a new trial was denied.
Mrs. Mockler was injured on January 24, 1966 when a school bus owned by Russman and operated by Lorusso struck the rear of her car which was stopped in the northbound lane of Washington Avenue, a two-lane road, at the intersection of Hickory Avenue in Bergenfield. She brought suit to recover damages for her injuries and her husband joined per quod.
*586 The accident occurred at about 8:15 A.M. and it is undisputed that a thin layer of snow covered the roads in the area causing them to be slippery. Mrs. Mockler had stopped her car in the intersection of Hickory Avenue preparatory to turning left to enter her employer's parking lot. Her directional signal was operating and she was awaiting a break in the southbound traffic on Washington Avenue before making her turn. While thus stopped she observed through her rearview mirror defendants' bus as it approached and struck her car in the rear. Mary Heil, a school crossing guard who was standing on the corner of the intersection, saw the collision. She said that the school bus was not going very fast and estimated its speed to be about 10 to 20 miles an hour, "if that."
Defendant Lorusso testified that he had been driving the school bus since 7 A.M. and knew that the roads were slippery due to the covering of a thin layer of snow. He had made a stop at the Dumont School and had three student passengers in the bus, one of whom he had picked up two blocks before he stopped at the school. He intended to pick up three more students who were awaiting him at the intersection of Hickory and Washington Avenues and thereafter intended to drive his passengers to the Holy Angels School. He said that he had not skidded when he had stopped the bus previous to the accident. Lorusso testified that he first saw plaintiffs' car stopped at the Hickory Avenue intersection when he was about a block and a half to its rear on Washington Avenue. He said he was driving at a speed of about 10 miles per hour and when he reached a point 50 feet to the rear of plaintiffs' car he applied his brakes. He testified that the bus skidded and that although he turned his wheel to the right in an attempt to steer it between the Mockler car and the right hand curb, the bus kept going straight and struck the rear of plaintiffs' vehicle.
Plaintiffs first contend that the verdict was against the weight of the evidence and that the trial court erred in denial of their motion for a new trial. They argue that defendant *587 Lorusso knew of the hazardous road conditions because he had been driving the school bus for some time before the accident; that having observed plaintiffs' stationary vehicle when he was one and a half blocks to its rear he negligently failed to apply his brakes until he was 50 feet behind it, and that when he applied his brakes and turned his wheel to the right in an attempt to pass plaintiffs' car he was guilty of negligence  otherwise the accident would not have happened. They assert that the test of whether Lorusso was operating the bus in a reasonable and prudent manner under the circumstances existing was whether he could stop the bus without striking plaintiffs' stopped vehicle. Implicit in their argument is the contention that the skidding of the bus, where the driver had knowledge of the slippery condition of the road, of and by itself was conclusive evidence of negligence.
It has been generally held by courts in other jurisdictions that the skidding of an automobile is not in itself sufficient to justify an inference of negligence on the part of the operator of the motor vehicle. Smith v. Baltimore Transit Co., 214 Md. 560, 136 A.2d 386, 390 (Ct. App. 1957); James v. Von Schuckman, 115 Conn. 490, 162 A. 3, 4 (Conn. Super. Ct. 1932); Hoch v. Doughty, 224 A.2d 54, 56 (Me. Sup. Jud. Ct. 1966); Davin v. Levin, 357 Pa. 554, 55 A.2d 364, 55 A.2d 364 (Sup. Ct. 1947); L'Ecuyer v. Farnsworth, 106 Vt. 180, 170 A. 677 (Vt. Sup. Ct. 1934). See also Annotation, "Automobiles  Skidding," 58 A.L.R. 264, 266 (1929); 113 A.L.R. 1002, 1005 (1938); 2 Stevenson, Law of Negligence, § 662, pp. 1007-08 (1954). Should the rule be otherwise every automobile driver would be compelled to stay off the public roads when such roads happened to be slippery. It is common knowledge that the sudden and unexpected skidding of an automobile is one of the natural hazards of driving on icy roads and that it may befall even the most cautious of drivers. If such a driver is operating his car as would a reasonably prudent person under the circumstances, he is not to be held negligent *588 merely because his car skidded, resulting in damage or injury to another. However, skidding may be evidence of negligence if it appears that it was caused by the failure of the driver to take reasonable precautions to avoid it, when conditions of which he knew or should have known made such a result probable in the absence of such precautions.
It is well-settled law that a recovery for damages cannot be had merely upon proof of the happening of an accident. Negligence is never presumed; it, or the circumstantial basis for the inference of it, must be established by competent proof presented by plaintiff. Whether such proof exists is preeminently a question of fact for the jury. Murphy v. Terzako, 14 N.J. Super. 254, 259 (App. Div. 1951).
In the instant case there was testimony that while Lorusso knew the roads were slippery he had not skidded when he stopped the bus on previous occasions that morning. It was undisputed that he was operating his bus at a speed not in excess of 10 to 20 miles per hour when he applied his brakes 50 feet to the rear of plaintiffs' car, and that despite his efforts to avoid a collision the bus skidded into the rear of that vehicle. Other than these facts there was no evidence that Lorusso could, with the exercise of proper diligence, have foreseen that his bus would skid into the rear of plaintiffs' car when he applied the brakes.
The question for determination by the jury was whether Lorusso exercised the care that a reasonably prudent person would have exercised under the circumstances confronting him. The verdict returned by the jury indicated that the jury found that he had exercised such care and that the accident was caused not by any negligence on the part of Lorusso but solely by the slippery condition of the road.
The verdict of the jury may not be set aside as against the weight of the evidence unless it clearly and convincingly appears that it is the result of mistake, partiality, prejudice or passion. R.R. 4:61-1. We may not disturb the order of the trial court denying a motion for a new trial on such ground unless it is clearly manifest that such action was *589 without basis in law, or fact, or both, with the result that there was a denial of justice under the law. R.R. 1:5-3(a), made applicable to this court by R.R. 2:5, delineates our scope of review. We, too, may not set aside a verdict as against the weight of the evidence unless, having given due regard to the opportunity of the trial court and the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion. The limited scope of our review in passing on the propriety of the jury's verdict and the trial court's denial of a new trial has been set forth in Kulbacki v. Sobchinsky, 38 N.J. 435, 446, 452 (1962). See Ardis v. Reed, 86 N.J. Super. 323, 329-30 (App. Div. 1965), affirmed o.b. 46 N.J. 1 (1965).
From our review of the record and the legitimate inferences to be drawn from the testimony we cannot say that the jury could not properly have concluded that Lorusso could not have foreseen that the icy condition of the road would cause the bus to skid and hence was not guilty of negligence. We are satisfied that the verdict of the jury was not contrary to the weight of the evidence and that it does not clearly and unequivocally appear that the court's denial of plaintiffs' new trial motion was a manifest denial of justice under the law.
In view of the foregoing, we also find no error in the court's denial of plaintiffs' motion for a judgment at the close of the proofs. Inferences that the accident did not occur through the fault of the bus driver are supported by the facts. The issue of liability was a matter solely for determination by the jury.
Plaintiffs further allege that the court erred in its charge to the jury. They first contend that the court erred in refusing their request to charge that part of N.J.S.A. 39:4-89 which states:
"The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed *590 of the preceding vehicle and the traffic upon, and condition of, the highway."
We find no error in the court's action. We agree with the trial court that the statute is inapplicable to the facts of this case  that it pertains to a situation where both vehicles involved in an accident are in motion upon the highway.
Plaintiffs claim that having refused to charge the language of N.J.S.A. 39:4-89, the court erred by not including in its charge language such as:
"Such an event (a rear-end collision) does not ordinarily occur without negligence,"

or
"Usually the driver of the rear car is at fault if he collides with a stationary car in front."
No request to charge such language was submitted to the court and therefore this contention can only be considered if the court's failure to so charge constituted plain error. R.R. 1:5-3(b). While such or similar statements were made by the court in its discussion of a nine-car accident in Stackenwalt v. Washburn, 42 N.J. 15 (1964) at page 30, we have not been presented with any authority which indicates that the failure to so charge would constitute plain error. We find no plain error here.
Plaintiffs next contend that the court committed plain error by not instructing the jury on the doctrine of res ipsa loquitur and allege that the court affirmatively excluded the inference of defendants' negligence which could be drawn from the facts by charging the jury that plaintiffs had the burden of proving that the driver of the school bus was guilty of negligence. Reliance is placed on Vespe v. DiMarco, 43 N.J. 430 (1964).
We do not agree. The court's charge did not exclude from the jury's consideration any inferences of negligence which might be drawn from the facts. At the conclusion of plaintiffs' case the defendants came forward and *591 offered evidence in explanation of the cause of the accident. No limitations were placed on the jury's right to infer negligence from evidence relating to the speed and control of the school bus. There is no reason why the jury could not draw that inference without, as well as with, a specific instruction authorizing them to do so. Vespe v. DiMarco, supra, at p. 437. The court's charge that the plaintiffs had the burden of proving negligence was a correct statement of the law. Even if the court had charged the doctrine of res ipsa loquitor, the operation of that rule of evidence does not shift the burden of proof. Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 269 (1958). Here no request was submitted to the court to charge the doctrine of res ipsa loquitur. In its charge the court discussed the facts, defined negligence without referring to the doctrine and submitted the issue of negligence to the jury. The jury undoubtedly considered all the evidence and the legitimate inferences to be drawn therefrom before reaching the verdict. We find no plain error. Cf. Vespe v. DiMarco, supra, at p. 439.
Finally, plaintiffs allege that the trial court committed plain error by charging that defendant Lorusso had a duty to exercise only reasonable care and failing to charge "a special and greater degree of care commensurate with the increased danger." We hold there was no plain error. In Stackenwalt v. Washburn, supra, where visibility of the automobile driver was limited due to heavy fog, the court stated:
"There can be no doubt that the question of negligence in each case may properly be left to the jury with the general instruction * * * of reasonable care under existing circumstances." (42 N.J., at p. 24)
A similar charge was given by the court in the instant case.
Affirmed.