Chuck **HING LEE**, Appellant in No. 71-1243, et al., and Fung Kiam Lee, individually and as husband and wife,

v.

Ronald P. **GRAY**.

Appeal of Fung **KIAM LEE**, No. 71-1244.

Nos. 71-1243, 71-1244.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 17, 1972.

Decided March 9, 1972.

Michael A. Kaplan, Camden, N. J. (Plone, Tomar, Parks & Seliger, Camden, N. J., on the brief), for appellants.

David G. Eynon, Haddonfield, N. J. (Farrell, Eynon & Munyon, A Professional Corp., Haddonfield, N. J., on the brief), for appellee.

Before ADAMS, GIBBONS and JAMES ROSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In this diversity automobile accident case the jury returned a verdict in favor of the defendant. Both cars were travelling northbound on the New Jersey Turnpike in a rainstorm when the defendant's vehicle skidded from the right lane into the center lane and stopped. After the defendant's car stopped it was struck by plaintiffs' car. Plaintiffs established a prima facie case of negligence by virtue of the doctrine of *res ipsa loquitur*. *See* Vespe v. DiMarco, 43 N.J. 430, 204 A.2d 874 (1964); Mockler v. Russman, 102 N.J. Super. 582, 246 A.2d 478 (App.Div. 1968). Defendant testified, however, that he lost control of his car when the front end started to shake violently so that it was difficult for him to maintain control over the steering mechanism. This evidence that the skid was the result of a mechanical defect apparently was accepted by the jury. The defendant also testified that on one prior occasion he had a similar mechanical problem with the same car, and that he had repairs made. To corroborate the fact that such repairs were made he offered the repair bill in evidence. On this appeal plaintiffs contend that the court erred in submitting to the jury the defense of mechanical defect, because no competent evidence supported that theory. The defendant was competent to testify that the car acted in a given

manner and about his attempts to control it. Accepting that testimony the inevitable conclusion is that the difficulty was mechanical. Expert opinion testimony was not a prerequisite. *See* Fed. R.Civ.P. 43; Dwyer v. Ford Motor Co., 36 N.J. 487, 178 A.2d 161 (1962); Allen v. Matson Navigation Co., 255 F.2d 273 (9th Cir. 1958); Proposed Rules of Evidence for the United States District Courts and Magistrates, 7–01 (Preliminary Draft 1969). Plaintiffs also contend that the court erred in admitting the repair bill in evidence. It was admitted solely to corroborate the defendant's testimony that he had the car repaired after a prior incident. For this purpose its use was proper. Plaintiffs also contend that the district court should have granted a new trial because the verdict was against the weight of the evidence. The record discloses that the district court did not abuse its discretion in denying that motion.

The judgment will be affirmed.