**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2746-15T2

FR. BABU T. PARAMEL,

    Plaintiff-Appellant,

v.

MERCA MARTINEZ and JOSE A.
MARTINEZ,

    Defendants/Third-Party
    Plaintiffs-Respondents,

v.

DJM TRANSPORT, LLC, SPECTRASERV
INC., AND ORELVY GONZALEZ,

    Third-Party Defendants.

_____

Argued June 7, 2017 — Decided July 11, 2017

Before Judges Simonelli, Carroll and Gooden
Brown.

On appeal from the Superior Court of New
Jersey, Law Division, Essex County, Docket No.
L-0296-13.

Kathleen M. Cehelzky argued the cause for
appellant (Law Offices of James C. DeZao,
P.A., attorneys; James C. DeZao, on the
brief).

Ryan J. Gaffney argued the cause for respondent (Chasan, Lamparello, Mallon & Cappuzzo, P.C., attorneys; John V. Mallon, of counsel and on the brief; Richard W. Fogarty, on the brief).

PER CURIAM

In this personal injury matter, Plaintiff Fr. Babu T. Paramel appeals from the February 9, 2016 order, which granted summary judgment to defendants Merca Martinez (Merca)[1] and Jose A. Martinez (Jose), and dismissed the complaint with prejudice. For the following reasons, we affirm.

We derive the following facts from evidence submitted by the parties in support of, and in opposition to, the summary judgment motion, viewed in the light most favorable to plaintiff. Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013) (citing Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995)).

At approximately 7:11 a.m. on January 15, 2011, plaintiff was travelling eastbound on Route 7 in Jersey City, and Merca was travelling westbound in a vehicle owned by Jose. As plaintiff was driving over a bridge, Merca's vehicle came into his lane and struck his vehicle. A second accident occurred immediately thereafter when a driver travelling westbound attempted to stop,

---

[1] To avoid confusion, we refer to defendants by their first names, intending no disrespect. We shall sometimes refer to Merca and Jose collectively as defendants.

but was unable to do so due to the slippery substance on the roadway, and struck a vehicle in front of him.

Police Officer Anthony Silver of the Jersey City Police Department responded to the accident scene and saw that slippery material had spilled onto both sides of the roadway, but it was thicker on the westbound side. The slippery sludge-like substance caused a dangerous condition on the roadway that was so bad the roadway was shut down. The substance had caused Merca to lose control of her vehicle and strike plaintiff's vehicle. An investigation revealed that a truck owned by third-party defendant DJM Transport, LLC and driven by third-party defendant Orelvy Gonzalez had discharged hazardous sewage onto the roadway.

Defendants were not deposed and plaintiff did not serve an expert report on liability. Following the completion of discovery, defendants filed a motion for summary judgment. The motion judge granted the motion, finding there was no evidence that Merca was negligent and the mere happening of an accident does not bespeak negligence.

On appeal, plaintiff contends, in part, because there was a disputed issue of fact as to Merca's negligence, summary judgment was inappropriate. We disagree.

We review a ruling on a motion for summary judgment de novo, applying the same standard governing the trial court. Templo

Fuente De Vida Corp. v. National Union Fire Ins. Co., 224 N.J. 189, 199 (2016) (citation omitted)  Thus, we consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (citation omitted).  Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  Templo Fuente, supra, 224 N.J. at 179 (quoting R. 4:46-2(c))

If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted).  We review issues of law de novo and accord no deference to the trial judge's legal conclusions.  Nicholas v. Mynster, 213 N.J. 463, 478 (2013).  For mixed questions of law and fact, we give "deference . . . to the supported factual findings of the trial court, but review de novo the lower court's application of any legal rules

to such factual findings." State v. Pierre, 223 N.J. 560, 577 (2015) (citations omitted). Applying the above standards, we discern no reason to reverse the grant of summary judgment.

"It is well-settled law that a recovery for damages cannot be had merely upon proof of the happening of an accident." Universal Underwriters Grp. v. Heibel, 386 N.J. Super. 307, 321 (App. Div. 2006). "Negligence is never presumed; it, or the circumstantial basis for the inference of it, must be established by competent proof presented by plaintiff." Ibid. (citation omitted).

We have held that the loss of control over a motor vehicle on a slippery roadway does not definitively establish negligence, nor does it justify an inference of negligence on the part of an operator of a motor vehicle. Mockler v. Russman, 102 N.J. Super. 582, 587-88 (App. Div. 1968), certif. denied, 53 N.J. 270 (1969). We stated,

> [s]hould the rule be otherwise every automobile driver would be compelled to stay off the public roads when such roads happen to be slippery. It is common knowledge that the sudden and unexpected skidding of an automobile is one of the natural hazards of driving on icy roads and that it may befall even the most cautious of drivers. If such a driver is operating his car as would a reasonably prudent person under the circumstances, he is not to be held negligent merely because his car skidded, resulting in damage or injury to another. However,

> skidding may be evidence of negligence if it appears that it was caused by the failure of the driver to take reasonable precautions to avoid it, when conditions of which he knew or should have known made such a result probable in the absence of such precautions.
>
> [_Ibid._ (emphasis added).]

Accordingly, the loss of control over a motor vehicle does not definitively establish negligence, nor does it justify an inference of negligence on the part of the operator of a motor vehicle. More is required in order to warrant an inference of negligence. A plaintiff must prove that a defendant could have taken reasonable precautions to avoid the accident. In this case, the record is entirely devoid of any evidence that Merca knew or should have known of the presence of the slippery substance on the roadway, or could have engaged in evasive maneuvers had she known about the dangerous road conditions. The absence of proof of negligence warranted the grant of summary judgment to defendants. There were no genuine issues of material fact and defendants were entitled to summary judgment as a matter of law. See _Brill_, _supra_, 142 _N.J._ at 540.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2746-15T2