**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3387-22

IGOR SIVAK and IRINA SIVAK,
h/w,

     Plaintiffs-Appellants,

v.

RYAN CHRZANOWSKI and
ROBERT PANDOLFO,

     Defendants-Respondents.

_____

Submitted October 16, 2024 – Decided February 3, 2025

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1266-20.

David J. Stutman (Hoffman, Sternberg, Karpf & Lynch, LLC), attorney for appellants.

Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys for respondent Ryan Chrzanowski (Juliann M. Alicino, of counsel and on the brief; Kristin M. Gummoe, on the brief).

PER CURIAM

In this personal injury action, plaintiffs Igor and Irina Sivak[1] appeal from the jury's unanimous no-cause verdict in favor of defendant Ryan Chrzanowski and the denial of their motion for a new trial. We affirm.

I.

During the early evening in December 2018, plaintiffs were traveling from John F. Kennedy Airport to their home in Philadelphia. Igor drove in the middle lane while travelling southbound on the New Jersey Turnpike amid heavy traffic. Both parties described the weather and road conditions as wet because of heavy rain and the traffic as "stop-and-go" and "bumper-to-bumper."

Igor testified that as he slowed down because of those traffic conditions, defendant rear ended their car. Igor described the impact as a "decent jolt" and testified that he was "held back by a seatbelt." Irina testified they were "suddenly" rear ended, and it felt as if the car had been pushed.

According to defendant, he applied his brakes "unexpectedly" and then "slid" into plaintiffs' car. Defendant described the impact as "minimal" because he was unsure that his vehicle made contact with plaintiffs' vehicle.

---

[1] Plaintiffs are married and share a common surname. We, therefore, refer to each plaintiff by their first name. No disrespect is intended.

A-3387-22

After the collision, defendant and Igor exited their cars while still in the middle lane and assessed the damage. They looked at their cars and agreed "there was [not] much damage." Prior to leaving the scene, Igor told defendant that Irina had recently been in a car accident and had "problems" with her back. They exchanged information, left the scene, and did not call the police because there was no "bleeding," and nothing was "broken."

Igor claimed that he was fine when he returned home. However, the next morning, he began to experience lower back pain that gradually escalated and radiated to his right leg. Igor testified he received injections and massages for approximately one year, which did not resolve his lower back pain.

Irina testified that she felt tired when she arrived home. The next day, she experienced numbness in both of her hands and neck pain, which she attributed to the "long travel" from Belarus. She received treatment including "electrical equipment" placed on her neck and paraben and hot sand on her hands three days a week for a year. Like Igor, the treatments did not resolve her neck and hand pain. Plaintiffs moved to Bulgaria when Igor retired.

A-3387-22

Thereafter, plaintiffs filed a complaint, asserting negligence against defendant as the driver of the car, and Robert Pandolfo as the owner of the car.[2]

A three-day jury trial was held. At the trial, the court conducted a charge conference. Defendant proposed a Mockler[3] jury instruction. Plaintiffs' counsel objected, expressing concern about the wording of the instruction and whether an expert was needed to establish the road conditions. After hearing argument, the judge overruled the objection and determined the instruction was appropriate, reasoning "three-quarters of the second paragraph, [came] from the Mockler decision at page 587." Defendant did not object to plaintiffs proposed jury instruction based on Dolson v. Anastasia, 55 N.J. 2 (1969).

The court determined both jury charges were appropriate based on the facts of the case. Accordingly, the verdict sheet was revised to include language that the jury should cease deliberations if defendant was found not negligent for causing the accident.

The court gave the Mockler jury instruction, stating:

> Defendant denies that he violated this section of the
> motor vehicle laws, and makes the following contention

---

[2] During the trial, plaintiffs stipulated to the voluntary dismissal of Pandolfo. However, the record on appeal does not contain a stipulation of dismissal.

[3] Mockler v. Russman, 102 N.J. Super. 582 (App. Div. 1968).

regarding the operation of . . . his motor vehicle: That defendant maintains that at the time of the accident, the condition of the road was such that he could not be held responsible for or at fault for the accident.

It is a common knowledge that the sudden and unexpected skidding of an automobile is one of the natural hazards of driving on slippery roads, and that it may befall even the most cautious of drivers. If such a driver is operating his car as would a reasonably prudent person under the circumstances, he is not to be held negligent merely because his car skidded, resulting in damage or injury to another. However, skidding may be evidence of negligence if it appears that it was caused by the failure of the driver to take reasonable precautions to avoid it when conditions of which he knew or should have known made such a result probable in the absence of such precautions.

There was no objection from plaintiffs' counsel. Following deliberations, on February 16, 2023, the jury returned a no cause verdict in favor of defendant.

Plaintiffs moved for a new trial, asserting the verdict was against the weight of the evidence, which was denied on June 15, 2023. The parties did not provide a copy of the transcript of that hearing.

II.

On appeal, plaintiffs raise two arguments. Plaintiffs first argue the jury verdict should be set aside because the verdict is against the weight of the evidence, should shock the conscience of the court, and is a manifest injustice.

5

Plaintiffs next argue the trial court erred in charging the jury with a <u>Mockler</u> instruction because it was not applicable to the facts of this case.

A.    <u>Jury Verdict.</u>

"The standard of review on appeal from decisions on motions for a new trial is the same as that governing the trial judge—whether there was a miscarriage of justice under the law." <u>Risko v. Thompson Muller Auto. Grp., Inc.</u>, 206 N.J. 506, 522 (2011); <u>see also</u> <u>Hayes v. Delamotte</u>, 231 N.J. 373, 386, (2018); <u>R.</u> 2:10-1. "[A] 'miscarriage of justice' can arise when there is a 'manifest lack of inherently credible evidence to support the finding,' when there has been an 'obvious overlooking or under-valuation of crucial evidence,' or when the case culminates in 'a clearly unjust result.'" <u>Hayes</u>, 231 N.J. at 386 (quoting <u>Risko</u>, 206 N.J. at 521-22).

"A jury verdict is entitled to considerable deference." <u>Dutton v. Rando</u>, 458 N.J. Super. 213, 231 (App. Div. 2019) (quoting <u>Risko</u>, 206 N.J. at 521). "On a motion for a new trial, all evidence supporting the verdict must be accepted as true, and all reasonable inferences must be drawn in favor of upholding the verdict." <u>Boryszewski v. Burke</u>, 380 N.J. Super. 361, 391 (App. Div. 2005); <u>see also</u> <u>Dutton</u>, 458 N.J. Super. at 224. In an appeal of a decision on a motion for a new trial, we must give "due regard to the opportunity of the

jury to pass upon the credibility of the witnesses," R. 4:49-1(a), and "'due deference' to the trial court's 'feel of the case,'" Risko, 206 N.J. at 522 (quoting Jastram v. Kruse, 197 N.J. 216, 230 (2008)); see also Dolson, 55 N.J. at 7 (recognizing appellate courts must defer to the [fact-finder's] views on "witness credibility, 'demeanor,' 'feel of the case,' or other criteria which are not transmitted by the written record").

Thus, "a trial court should not interfere with a jury verdict unless the verdict is clearly against the weight of the evidence." Dutton, 458 N.J. Super. at 224 (quoting Caldwell v. Haynes, 136 N.J. 422, 432 (1994)). "To overturn a jury verdict, '[t]he verdict must shock the judicial conscience.'" Ibid. (quoting Caldwell, 136 N.J. at 422).

Plaintiffs argue the jury's no-cause verdict was against the weight of the evidence because they contend that the evidence at trial established defendant was negligent. Guided by well-established principles, we conclude the jury's determination that defendant was not negligent is supported by the evidence and did not result in a manifest injustice. The jury heard testimony from the parties regarding the weather and the road conditions. The jury was given the opportunity to assess the testimony from the parties and determine their credibility; the jury found defendant was not negligent. Having reviewed the

7

record provided on appeal, we conclude the case was fairly tried and discern no error warranting a reversal of the jury's verdict.

B.    Mockler Jury Instruction.

We review a trial court's jury charges de novo. Fowler v. Akzo Nobel Chems., Inc., 251 N.J. 300, 323 (2022). "[A]ppropriate and proper charges to a jury are essential for a fair trial." Prioleau v. Kentucky Fried Chicken, Inc., 223 N.J. 245, 256 (2015) (quoting Velazquez ex rel. Velazquez v. Portadin, 163 N.J. 677, 688 (2000)).

A jury charge must be read as a whole, not just the challenged portions, to determine its overall effect. Viscik v. Fowler Equip. Co., 173 N.J. 1, 18 (2002). "There is no reversible error 'where the charge, considered as a whole, adequately conveys the law and is unlikely to confuse or mislead the jury, even though part of the charge, standing alone, might be incorrect.'" Mogull v. CB Com. Real Est. Grp., Inc., 162 N.J. 449, 464 (2000) (quoting Fischer v. Canario, 143 N.J. 235, 254 (1996)). Therefore, "[i]n civil matters, the trial court should give an instruction that appropriately guides the jury on the legal basis of a plaintiff's claim or a defendant's affirmative defense, so long as there is a reasonable factual basis in the evidence to support that claim or defense."

Walker v. Costco Wholesale Warehouse, 445 N.J. Super. 111, 120 (App. Div. 2016).

We reject plaintiffs' contention that the court erred in providing a Mockler instruction because the roads were wet from rain and not snow or ice. As noted above, there is ample evidence in the record that the roadway was wet at the time of the collision. We are satisfied the court correctly determined a Mockler instruction was appropriate for this case and then crafted an appropriate instruction, most of which came "from the Mockler decision at page at 587." Thus, we discern no error with the jury instruction.

Accordingly, we affirm the jury verdict and the June 15, 2023 order denying plaintiffs' motion for a new trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3387-22